AUGUST ZABEL, Appellee, v. MRS. J. B. NYENHUIS, Appellant.

**Continuance**: ABSENCE OF ATTORNEY: POLICY OF INSURANCE HELD AS SECURITY: CONTRACTS IN WRITING: PAROL EVIDENCE.

*Appeal from Muscatine District Court.*—HON. C. M. WATERMAN, Judge.

MONDAY, OCTOBER 19, 1891.

ACTION in equity for an accounting and the specific performance of an agreement to convey real estate. There was a hearing on the merits, and a decree in favor of the plaintiff. The defendant appeals.—*Affirmed.*

*E. F. Richman*, for appellant.

*Jayne & Hoffman*, for appellee.

ROBINSON, J.—On the fourteenth day of March, 1887, the parties to this action entered into the following agreement:

"This indenture and agreement made this fourteenth day of March, by and between Mrs. J. B. Nyenhuis, of the first part, and August Zabel, of the second part, for the sum of seven hundred and thirty-five dollars, to be paid to Mrs. J. B. Nyenhuis, of the first part, by August Zabel, of the second part, as follows:   [Fifteen notes are here specified] for house number 1027, on Lucas Grove road, opposite the cemetery, adjoining Exo, on the west, leaving twenty feet next to Exo for street, and, then, the lot is to be forty feet wide by one hundred and forty feet long; and said August Zabel, of the second part, is entitled to a clear and warranty deed of the same property here before mentioned as soon as he has the same notes here before mentioned in hand.

"[Signed]                              MRS. J. B. NYENHUIS,
                                       "AUGUST ZABEL."

When this agreement was made the plaintiff paid to defendant sixty-five dollars in money, and delivered to her the notes specified, amounting to seven hundred and thirty-five dollars. He afterwards took possession of the property, made some improvements on it, and occupied it as a home for himself and family until the third day of January, 1889, when the dwelling-house was destroyed by fire. Before that time the plaintiff paid two of the notes he had given to the defendant, amounting to eighty-five dollars, and interest on the remaining notes, to the amount of forty-five dollars and fifty cents. When the agreement was made the defendant held a policy of insurance on the house against loss by fire for seven hundred and fifty dollars, which had been issued for a term of five years, commencing in January, 1884. After the house was destroyed she collected on the policy the sum of seven hundred and thirty dollars. The plaintiff seeks an accounting for the money so collected; asks to have it applied so far as required to the payment of the notes given by him to the defendant; demands judgment for the remainder for the surrender of the notes, and for a conveyance of the property to him. The court rendered judgment in favor of the plaintiff for thirty-nine dollars and fifty cents, and interest thereon at six per cent. per annum, from March 14, 1889, and required the defendant to surrender the thirteen notes in her hands, and to execute to the plaintiff a warranty deed for the property, subject to the taxes of 1889. The petition sets out a copy of the agreement, and alleges that the policy of insurance, by arrangement between the parties, was permitted to stand

in the name of the defendant, as further security for the payment of the notes given for the purchase price for the benefit of the plaintiff, and when it expired the property was to be reinsured at his expense. The answer denies that any arrangement in regard to the insurance was made; denies that the plaintiff had any interest in the insurance money collected; and denies that the defendant is under any obligation to account for it. She asks, by way of counterclaim, for judgment for so much of the notes now held by her as is due, and for the foreclosure of the agreement. By an amendment to her answer the defendant claims that, since the filing of her original answer, she and the plaintiff have settled the matter in litigation; that by the terms of the settlement the plaintiff executed a deed for the property to her, and received from her a receipt in full for all demands; and she was to deliver the thirteen notes in question at a certain office for him, which she has done. She asks that the settlement be enforced. The alleged settlement is denied by the plaintiff.

I. This cause was regularly reached for trial in the district court on the eighth day of May, 1890. At that time the defendant filed an application for a continuance until the next week, on the ground of the absence of D. M. Lambert, the attorney to whom the care of the case on her part had been intrusted from its commencement. The affidavit alleged that Lambert had a more particular knowledge of the facts of the settlement pleaded and of its terms, than any other person; that he had not been subpœnaed because he was the attorney for the defendant, and it was supposed would be present if needed; and for the further reason that she relied upon the settlement, and had no reason to believe that it would be denied. The record shows that this cause was set down for trial on the eighth day of May, 1890, under a rule of the court several weeks before that date. The defendant, therefore, had ample time in which to prepare for trial, but she did not file her amendment, pleading the settlement, until the day the cause was reached for trial, and shows no diligence whatever to procure the attendance of the witness. His negligence in failing to appear, under the circumstances of the case, must be imputed to her. It was his duty, as her attorney, to have himself present as a witness, if needed. We think the application for a continuance was properly overruled.

II. The evidence as to the alleged settlement shows that it was attempted, but never completed. The plaintiff signed a quitclaim deed to the defendant for the premises, and it was understood that his wife would also sign it. But some of the details of the settlement were never agreed upon, and the defendant did not comply with its terms on her part. We do not think it was so far effected that it can be enforced.

III. When the agreement of sale had been made, the defendant had no interest in the property sold, excepting the right to have it treated as security for the payment of the purchase price. That interest was insurable, and it would be presumed, in the absence of satisfactory evidence to the contrary, that she continued to hold the policy to protect her interest, and not for speculative purposes. But the evidence satisfies us that it was understood, and in effect agreed, between the parties to the agreement that the policy of insurance should be permitted to remain in the name of

the defendant as security for the notes of the plaintiff which she held, and which were the measure of her interest in the property.

It is objected that the agreement is silent as to the matter of insurance, and that parol evidence is not competent to vary or contradict the writing, but that it must be presumed to contain all of the agreement of the parties. In answer to that, it may be said that the petition fully disclosed the facts in regard to the agreement as claimed by the plaintiff. It was not in any manner attacked, the defendant contenting herself with denying its averments. The evidence submitted to show that the policy was to be held as security, and for the benefit of the plaintiff, was verbal. To some of it the objection was made that it was immaterial, but no claim was made that it was incompetent. It was certainly material to the issues presented by the pleadings, and the defendant cannot be permitted to urge in this court, for the first time, that it was incompetent. Objections to evidence must be first made in the trial court, even though not ruled on there. *Davis v. Nolan*, 49 Iowa, 686. It is the right of each party to know what objection, if any, exists to his evidence when offered, that he may take the steps necessary to cure the defect, if one exists, or to otherwise avoid the objection.

The findings of the district court have ample support in the evidence, and the decree is, therefore, AFFIRMED.