RHOADHAM MILLER, Appellant, v. HENRY R. HARPER, Respondent.

Kansas City Court of Appeals, November 4, 1895.

63 293
f83 424

1. **Trial Practice**: DEMURRER: ANSWERING OVER. A demurrer to plaintiff's bill was filed and overruled; and defendant, by answering over, waived whatever point may have been in the demurrer.

2. **Frauds and Perjuries**: PLEADING: DENIAL. Where a contract coming within the inhibition of the statute of frauds, is denied, there is no necessity to plead the statute; if the contract is admitted, there must be a plea of the statute.

3. ———: ———: EVIDENCE: WAIVER. Where there is a plea of the statute of frauds, but evidence relating to the verbal contracts is admitted without objection, the statute is waived.

4. **Injunction**: UNLAWFUL DETAINER: EVIDENCE. The evidence in this case is *held* sufficient to authorize the injunction restraining the defendant from maintaining unlawful detainer against the plaintiff.

5. **Trial Practice**: REPLY. Where the trial proceeds as though a reply was filed, the practice is to consider it as filed.

*Appeal from the De Kalb Circuit Court.*—HON. W. S. HERNDON, Judge.

REVERSED AND REMANDED (*with directions*).

*Harwood & Hubbell* for appellant.

(1) An appellate court which finds, upon a review of the case, that the plaintiff is, by his pleadings and evidence, entitled to equitable relief, will enter such a decree as the chancellor should have entered without remanding the cause. *Carroll v. Campbell,* 25 Mo. App. 630; Finkelnburg's Mo. App. Prac., p. 97. (2) A defense based upon the statute of frauds can not be invoked when it has been neither pleaded nor raised by objection to introduction of parol evidence at the trial. 22 Am. and Eng. Encyclopedia of Law, p. 978; *Hobart v. Murray,* 54 Mo. App. 549; *Lammers v. McGeehan,* 43 Mo. App. 664; *Scharff v. Klein,* 29 Mo. App. 549; *Hackworth v. Zeitinger,* 48 Mo. App. 32; *Randolph v. Frick,* 50 Mo. App. 275; *Clement v. Gill,* 59 Mo. App. 482. (3) Defendant, by answering over after his demurrer had been overruled, waived the grounds of demurrer. Finkelnburg's Mo. App. Prac., p. 105.

*Robert A. Hewitt, Jr.,* for respondent.

(1) Plaintiff's petition or bill does not state facts sufficient to constitute a cause for the relief prayed for, neither does it state facts sufficient to entitle him to any relief whatever in the premises. *Dickhaus v. Olderheide,* 22 Mo. App. 76. (2) Under the pleading and evidence it is quite clear, that the appellant is concluded and barred by the statutes of frauds and perjuries. Vide, secs. 5182, 5186, R. S. 1889. Court of equity can not exercise its jurisdiction where the effect thereof would be to set aside the bar of the statute.

*Bauer v. Gray*, 18 Mo. App. 174–175. (3) A bill for
an injunction to restrain parties from continuing (such)
litigation must rebut the ordinary presumption that
justice will be done, and must show case of oppression
or fraud. *Hardware Company v. Long*, 54 Mo. App.
147. (4) If Miller was mistaken as to his legal rights
under this pretended assignment he should abide the
consequences. Courts of equity are ordinarily power-
less to grant relief against the consequences of such
mistakes. *Weinerth v. Trendley*, 39 Mo. App. 333.

ELLISON, J.—Plaintiff seeks by his bill in equity
in this case to restrain defendant from disturbing his
occupancy and quiet enjoyment of three certain tracts
of land, now occupied by him, and to further restrain
said defendant from prosecuting an action of unlawful
detainer against him. The trial court dismissed the
bill, and plaintiff has appealed.

It appears that defendant was the owner of three
small brush and timber tracts of land in De Kalb county,
and that he verbally leased two of them to one Matthews
for a term of five years, the consideration being that
Matthews was to clear off said land and put it into a
state of cultivation, it being worth from $8 to $10 an
acre to so improve the land; that Matthews entered
into possession under this lease and continued about
one year to occupy it, having in that time put a large
part of it in cultivation; that then he sold his crop
and lease to one Kirkendal, with defendant's consent,
Kirkendal also leasing the third tract from defendant
for four years, with substantially the same contract as
existed between Matthews and defendant as to the
other two tracts; that Kirkendal took possession of
the lands, both that portion the lease of which he had
bought of Matthews, and the third piece which he him-
self leased of defendant, and proceeded to clear and

cultivate all three tracts.    After occupying and improving all three tracts for about a year, he sold his leases, with other property, to this plaintiff, who went into possession thereunder.   Whether the sale to this plaintiff was with defendant's consent was disputed in the testimony.   At the time this defendant instituted his action of unlawful detainer against plaintiff, there was yet more than two years of the leases unexpired.   A demurrer to plaintiff's bill was filed and overruled, and defendant, by answering over, waived whatever point may have been in the demurrer.   The answer admitted that plaintiff was in possession of the tracts described in the petition, and that proceedings in unlawful detainer were begun by him.   It further admits that defendant leased one of the tracts to Kirkendal, but pleads the statute of frauds in bar thereof, and then alleges that, "at the time of the pretended assignment of Kirkendal to plaintiff, said Kirkendal had violated the conditions and covenants of said lease and forfeited all rights thereunder."

There was no finding of facts by the court, and we have no means of knowing what view the court took. But we deem them in all substantial particulars to be undisputed, at least to a degree sufficient to apply the equitable principles which should govern the case.

In the first place, the answer denies the lease of the two tracts to Matthews.   When a denial of the contract is made, there is no necessity to plead the statute of frauds.   But if the contract is admitted, as it was concerning the third tract leased to Kirkendal, then there must be a plea of the statute of frauds.   This distinction we recently pointed out in *Van Idour v. Nelson*, 60 Mo. App. 523.   But the difficulty with defendant's insistence now on the statute of frauds is that the evidence relating to these verbal leases and assignments was all admitted without objection from defendant,

either while it was being introduced, or by motion to strike out, or otherwise. This we consider to be a waiver of that defense; it being an affirmative defense which may be waived. *Van Idour v. Nelson, supra.* This consideration makes it unnecessary to consider the additional reason alleged by plaintiff to take the case out of the statute, viz., the entering and improving the land under the contract. The case, therefore, stands before us with the leases from defendant to be considered valid.

Turning to the evidence at the trial, we find that plaintiff undoubtedly made out his case, and that he should obtain the relief prayed. Indeed, there is no substantial dispute as to that portion of the case material to plaintiff's complaint. The leases were made and, as we have seen, we are to treat them as binding the parties. The possession was taken by the lessees and assigns, and the work proceeded substantially as provided in the contract. For these reasons we deem it unnecessary in this opinion to go into a detailed examination of the evidence. The plaintiff, under the case of *Orr v. McCurdy*, 34 Mo. App. 418, is entitled to maintain the case made in his petition.

There were several points made by defendant, some of which are covered by what has been written, but none of them are of sufficient force to unsettle the conclusion which we have intimated. We might remark here that, even though plaintiff filed no reply to defendant's answer, yet the trial proceeded as though a reply was filed. Under such circumstances, the practice is to consider it as filed.

The judgment will be reversed and cause remanded, with directions to enter a decree enjoining the prosecution of the action of unlawful detainer, and to restrain defendant from interfering with plaintiff's occupancy and enjoyment of the premises described. All concur.