# Richmond.

## MOORE LUMBER CORPORATION AND ANOTHER v. WALKER AND WILLIAMSON.

### March 10, 1910.

#### Absent, Buchanan, J.

1. STATUTE OF FRAUDS—*Objections After Verdict—Waiver—Appeal.*—It is too late, after verdict, to object that the contract sued on was proved by parol testimony when the statute of frauds required it to be in writing. The failure to object at the proper time is a waiver of the statute, and the case must be heard and determined in the appellate court upon the same evidence upon which it was heard and determined in the trial court.

2. EVIDENCE—*Inadmissibility—Offering Same Evidence—Waiver.*—If a party objects to the introduction of evidence which is admitted, and afterwards introduces the same evidence himself, it is not ground for reversing the judgment, although the evidence objected to was incompetent.

3. GUARANTY—*Consideration.*—Furnishing money to a third person at the instance of one who guarantees its payment is a sufficient consideration for the guaranty.

4. EVIDENCE—*Order of Introduction—Objection—Waiver.*—An exception to the action of the court in refusing to admit a letter in evidence at a particular stage of a case, but with notice that it may be offered later, is waived by a failure to offer the letter at a later stage of the proceedings. The order of introduction of evidence lies largely in the discretion of the trial court, whose ruling will not be reversed save in very exceptional cases   ·

5. EVIDENCE—*Admissibility—Self-Serving Declarations.*—A letter which is self-serving and written after all dealings between the plaintiff and the defendant have terminated is properly rejected as evidence.

Error to a judgment of the Law and Chancery Court of the city of Norfolk in a proceeding by motion for a judgment for money. Judgment for the plaintiffs. Defendants assign error.

*Affirmed.*

The opinion states the case.

*J. Sydney Smith,* for the plaintiffs in error.

*Thorp & Bowden,* for the defendant in error.

Whittle, J., delivered the opinion of the court.

The judgment under review was recovered by the defendants in error, Walker and Williamson, plaintiffs below, against the plaintiffs in error, the H. P. Moore Lumber Corporation and C. W. Cake, in a motion for money upon the general issue as to both defendants, and a special plea of set-off interposed by the lumber company.

The *gravamen* of the latter plea is that the plaintiffs had appropriated to their own use certain personal property belonging to the H. P. Moore Lumber Corporation, the value of which was in excess of the demand upon which their motion is based. Inasmuch, however, as that issue was resolved by the jury in favor of the plaintiffs upon a conflict of evidence, and their verdict approved by the trial court, that assignment of error does not call for further notice.

The essential facts of the case, considered as upon a demurrer to the evidence, are as follows: In June, 1907, the H. P. Moore Lumber Corporation engaged the services of the plaintiffs, who were lumber brokers in the city of Norfolk, to handle on commission the entire output of their sawmill, located in Gates county, North Carolina. The course of dealing between the parties made it necessary for the plaintiffs, from time to time, as the exigencies of the business required, to make advances to defray the running expenses of the mill. Such advances were to be refunded and the plaintiffs' commissions paid out of the proceeds realized from sales of lumber received from the mill. The avails from these sales proved inadequate to meet the advances, and early in September, 1907, the lumber company was

found to be indebted to the plaintiffs in the sum of $1,100.   In this state of affairs the president of the company, Hockaday Moore, called on the plaintiffs, as usual, for money to meet the mill's roll, but they refused to make any further advances on the faith of the output of the mill.   Thereupon Moore left their office, but returned the next day bearing the following note:

"Norfolk, Va., Sept. 17, 1907.

"Messrs. Walker and Wmson,

"Gentlemen:

"I did not get down to your office yesterday, but any arrangement Hockaday makes with you I will stand by him, and back him all the way through.

"Yours,

"C. W. CAKE."

It was then agreed between the plaintiffs and Hockaday Moore that they would continue to make such advances as might be necessary to meet the running expenses of the mill, and if at the close of their dealings the sales of lumber were found to have netted less than the advances, that C. W. Cake should be personally answerable to the plaintiffs for the deficiency.   The demand which is the subject of this litigation is founded upon the foregoing agreement.

Cake denies liability on the ground that the paper signed by him is not sufficient under the statute of frauds to make him responsible for the debt or default of the H. P. Moore Lumber Corporation, "for the reason that without verbal testimony there is nothing to show any connection between it and said corporation, and that verbal testimony is not admissible to splice out a liability predicated upon a defective writing.   No consideration was shown for the guaranty."

For the purposes of this case it is immaterial whether the writing in question is or is not sufficient, by its terms, under the statute of frauds, to fix responsibility upon Cake for the debt

of his codefendant. The writing was put in evidence by the defendants themselves, the defense of the statute of frauds was. not relied on, and the plaintiffs, without objection, proved by parol evidence their agreement with Hockaday Moore, the agent, of C. W. Cake; so that, if there be merit in the objection as an original proposition (as to which we express no opinion), it was not made until after verdict, and must be considered as having been waived.

In *Eaves* v. *Vial,* 98 Va. 134-140, 34 S. E. 978, 980, Judge Buchanan, in delivering the opinion of the court, observes: "The action of the appellant in permitting the case to be heard and determined by the trial court upon the oral testimony taken to prove the agreement, without objection, must, we think, be regarded as a waiver of the statute of frauds and of the rule of law that contemporaneous oral evidence is not admissible to vary the terms of a written agreement, and the case must be heard and determined by this court upon the same evidence upon which it was heard and determined in the trial court. *Miller* v. *Harper,* 63 Mo. App. 293; *Allan* v. *Richard,* 83 Mo. App. 55; *Tibbs* v. *Weatherwax,* 23 Cal. 58; *Zabel* v. *Myenhuis,* 83 Iowa 756, 759 [49 N. W. 999]. See also *McVeigh* v. *Chamberlain,* 94 Va. 73 [26 S. E. 395], and cases cited; 4 Min. Inst. (3d ed.), 845." See also *Burkholder* v. *Ludlam,* 30 Gratt. 255, 32 Am. Rep. 668.

In 8 Enc. Pl. & Pr. 217, it is said: "Such objections come too late after a cause has gone to the jury, or after verdict, or on a motion for a new trial. Nor is it proper practice to permit such an objection to be raised for the first time by motion to instruct the jury to disregard the evidence."

Moreover, the plaintiffs in error cannot complain that verbal evidence was admitted in connection with the writing in question, since the defendant, Cake, in his oral testimony undertook to explain its purport.

In *New York Life Ins. Co.* v. *Taliaferro,* 95 Va. 522, 28 S. E. 879, it was held: "If a party objects to the introduction of

evidence which is admitted, and afterwards introduces the same evidence himself, it is not ground for reversing the judgment,. although the evidence objected to was incompetent."

The consideration for the guaranty was clearly sufficient. The testimony of the plaintiffs shows that they had declined to make further advances for the lumber company, and were induced to do so by Cake's guaranty and the arrangement made by him through his agent, Hockaday Moore. See Clark on Contracts,. 147, 149.

The remaining assignments of error which need be noticed involves the action of the court with respect to a letter offered in evidence, written May 5, 1908, by Cake to the plaintiffs, in which he undertakes to interpret the meaning of his former letter. The court refused to admit the letter at that time, but notified counsel that it might be offered later on in the trial.

In *Norfolk, &c., Co.* v. *Morris,* 101 Va. 422, 44 S. E. 719,. this court held that "The order in which evidence is introduced is a matter largely in the discretion of the trial court, for which this court will not reverse a judgment, save in very exceptional cases."

Besides, the failure of the defendants to avail themselves of the leave of the court to offer the letter at a later stage of the proceedings was a waiver of the first exception. *N. & W. Ry. Co.* v. *Anderson,* 90 Va. 1, 17 S. E. 757, 44 Am. St. Rep. 884.

But in addition to these considerations, the letter might well have been excluded on the ground that it was self-serving and written after all dealings between the plaintiffs and the defendants had terminated. *Southern Ry. Co.* v. *Wilcox,* 99 Va. 394,. 39 S. E. 144.

Upon the whole case, we are of opinion that the judgment complained of is plainly right, and it must be affirmed.

*Affirmed.*