## CIRCUIT COURT OF FAIRFAX COUNTY

Merkt

    v.

Cosimco Stores, Inc., et al.

March 20, 1990

Case No. (Law) 76740

By JUDGE ROSEMARIE ANNUNZIATA

The matter under advisement arises from plaintiff's claim that defendant Alan Hammad refuses to pay an amount due under the terms of a Deferred Purchase Money Note and a guarantee of payment executed on February 28, 1984. The dispute is based on the following language of the guarantee:

> For value received, the undersigned, Alan Hammad and Richard D. Simpson, guarantee payment of the within note according to its terms and conditions; Philip Coleman to be substituted for Alan Hammad within thirty (30) days and Alan Hammad to be relieved of liability at that time.

Coleman was never substituted as guarantor; neither party made any attempt to substitute Coleman, each believing the duty to effect the substitution was not his.

Defendant Hammad contends that under the cited provision, his obligation for payment of the Note ended within thirty days of the Note's execution. Plaintiff contends that since Philip Coleman was never substituted for Alan Hammad, Mr. Hammad remains liable as a guarantor of payment of the Note.

Finding the provision in question to be subject to more than one interpretation, the Court heard parol evidence on the issue of the parties' intent. While the evidence is in conflict on the question of whether the parties intended to have Mr. Hammad's liability end within thirty days of the execution of the Note, it is clear that plaintiff required two guarantors for the Note and that both parties intended that Coleman be substituted for Hammad as guarantor.

The evidence of the parties' intent, together with the language of the particular provision in question, viewed in light of the surrounding circumstances, supports the conclusion that the discharge of defendant's obligation under the Note was premised on the substitution of Coleman as guarantor within thirty days. The substitution of Coleman, and not the mere lapse of the thirty-day time period, was intended to operate as a discharge of defendant's duty of performance after it had become absolute. Clearly where the condition is not satisfied, defendant's duty is not discharged.

Defendant also contends that he acted merely to accommodate the parties and that the contract of guarantee lacks consideration to support it. The facts establish however that Mr. Hammad had stock in the holding company, Cosimco, Inc., which owned the majority of the stock in Cosimco Stores, Inc., the primary debtor on the note. I believe this constitutes consideration sufficient to support the agreement. Restatement, *Contracts*, 2d § 88. ("A promise to be surety for the performance of a contractual obligation, made to the obligee, is binding if (a) the promise is in writing and signed by the promisor and recites a purported consideration . . . or (c) the promisor should reasonably expect the promise to induce action or forbearance of a substantial character on the part of the promisee or a third person, and the promise does induce such action or forbearance.") *Moore Lumber Corp. v. Walker*, 110 Va. 775, 67 S.E. 374 (1910).

Furthermore, the Court will not concern itself with the relative values exchanged as consideration or the wisdom of the contract. "Any act done by the promisee at the request of the promisor, however trifling the loss to himself or the benefit to the promisor, is a sufficient consideration for a promise made without fraud and with

full knowledge of all the circumstances." *Good v. Dyer*, 137 Va. 114, 135, 119 S.E. 277 (1923).

For the reasons stated, judgment for the plaintiff is awarded in the amount of $32,218.48 with interest from September 24, 1986, at the rate of 9.5%, together with costs and reasonable attorney's fees.