## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Harry N. Lewis,
Executor

    v.

Nancy M. Payne

March 11, 1992

Case No. (Chancery) 7030

BY JUDGE JAY T. SWETT

The issue before me is which party has the burden of proof to establish the existence or nonexistence of an enforceable contract to sell real estate owned by Ms. Nancy Maclin. The issue arises in the following context.

In 1988 Mrs. Maclin made a will. In the will she expressly devised a riverfront home to Mrs. Nancy Payne. It is represented that sometime thereafter, Mrs. Maclin spoke to Mrs. Ann Warren about Mrs. Warren purchasing the same property. Apparently, those discussions led to Mrs. Maclin preparing a real estate contract in which she would agree to sell the property to Mrs. Warren for $45,000. Mrs. Maclin signed the document and mailed it to Mrs. Warren. While Mrs. Warren did eventually sign the document, apparently she has testified that she does not know or remember when she signed it.

Mrs. Maclin died in February of 1990. Mrs. Warren then presented the signed contract to Mr. Harry N. Lewis, the executor of Mrs. Maclin's estate. Relying on the contract, Mr. Lewis conveyed the real estate to Mrs. Warren in July of 1990. Sometime thereafter, it apparently came to the executor's attention that the contract between Mrs. Maclin and Mrs. Warren may not have been valid on the ground that Mrs. Warren may not have signed the contract until after Mrs. Maclin's death. Until this issue is resolved, the executor has retained the proceeds of the sale in escrow.

The executor argues that since Mrs. Payne's interest in the real estate was based solely on the devise in the will, Mrs. Payne did not have a "vested legal interest" in the property and has no claim to assert in the real estate or in the sale proceeds. Therefore, argues the executor, the burden should be on Mrs. Payne to prove the absence of an enforceable contract or, in this case, that the contract was not signed at the time of Mrs. Maclin's death.

On the other hand, Mrs. Payne argues that she was specifically devised the property in Mrs. Maclin's will. It follows, therefore, that the executor should have conveyed the property to Mrs. Payne unless it was shown to the executor that there had been an ademption. The parties agree that if an enforceable contract to convey the real estate existed at the time of Mrs. Maclin's death, then Mrs. Maclin's devise of the real estate to Mrs. Payne would have been revoked by the doctrine of ademption. The parties further agree that in order for the real estate contract to be a valid, enforceable contract, it must satisfy the Statute of Frauds, Va. Code § 11–2.

There is very little case authority to assist this Court in resolving the issue. It appears to this court that the devise of the real estate to Mrs. Payne would have been accomplished but for the ademption which in turn occurred only if there was a valid, enforceable contract requiring the estate to convey the property to Mrs. Warren. Therefore, the burden should fall upon the party who seeks to establish the existence of a valid, enforceable contract which is a predicate to the application of the ademption doctrine. This is consistent with the application of the Statute of Frauds which places the burden of proof upon the party who seeks to enforce the contract. *Eaves v. Vial*, 98 Va. 134, 139–140 (1900).

Accordingly, it shall be the burden of the executor to prove the existence of a valid, enforceable contract such that the devise to Mrs. Payne under Mrs. Maclin's will was adeemed. If that burden is not met, then the property, or in this case the proceeds now held in escrow, becomes the property of Mrs. Payne. If there was an ademption, then the proceeds from the sale to Mrs. Warren would pass under the residuary clause under the will.

I believe it is appropriate that this matter be resolved by a jury on an issue out of chancery. I ask Mr. Taylor to prepare and circulate an appropriate order incorporating these findings and include the necessary language to impanel a jury to resolve the factual issues.