### Wytheville.

### McCrowell v. Burson.

August 7, 1884.

1. COURT OF APPEALS—*Jurisdiction.*—To give this court jurisdiction, save in certain cases, the judgment must amount to $500, principal and interest, at its date, except when plaintiff's demand exceeds that sum and *he* applies for the appeal. *Gage* v. *Crockett,* 27 Gratt. 734; *Tebbs* v. *Lee,* 76 Va. 744.

2. IDEM—*Agreed Statement—Special Verdict.*—Though plaintiff's claims, except a sum less than $500, be admitted by defendant in an *agreed statement of facts,* and the sum so admitted may determine the jurisdiction of this court (*Tintsman* v. *National Bank,* 100 U. S. 6); yet such is not the case where a special verdict finds plaintiff's claim to be less than $500, whether court below renders judgment for plaintiff for the sum found by the verdict, or for the defendant.

3. IDEM—*Case at Bar.*—Plaintiff in *assumpsit* by his declaration claims $1,000 damages. The jury, by a special verdict, fixes plaintiff's claim at $242, subject to the court's opinion on the law. The court renders judgment for defendant, and plaintiff applies for writ of error.

HELD:

This court hath jurisdiction.

4. STATUTE OF FRAUDS—*Implied Contract—Case at Bar.*—Defendant employs plaintiff by parol contract to furnish labor and materials to build a house, and agrees to pay him in money, merchandise, and *land.* Plaintiff incurs expense in preparing for the job, when defendant refuses to let him do it, and plaintiff brings his action, with a count on the special contract, and with common counts for labor done and materials furnished at defendants request.

HELD:

1. The special contract cannot be enforced, because not being in writing and signed by the defendant, and yet being intended to pass ownership of real estate, *it is void.*

2. But though the special contract be void, yet defendant is liable under a new implied contract for the work done and materials furnished.

Error to judgment of circuit court of Washington county, rendered 11th October, 1883, in an action of trespass on the case wherein John McCrowell was plaintiff, and Z. L. Burson was defendant. The object of the suit was to recover $1,000 damages for the breach of a contract dated December 22d, 1879, whereby Burson employed McCrowell to build two storehouses for him in Bristol, Tenn., and for the necessary labor and materials therefor, agreed to pay McCrowell the sum of $1,600, partly in goods to be furnished as the work progressed, at cash prices, $500 in two houses and lots in west end of Bristol, which, when the work was done, he was to convey to McCrowell, and the balance in money. This contract was put in writing, but was signed by neither party. McCrowell incurred considerable expense in labor and materials, preparing to build the two houses; but Burson failed and refused to permit McCrowell to perform the contract, who brought his suit and filed his declaration containing the common counts for work done and materials furnished at Burson's request, and a count on the special contract. The defendant plead *non assumpsit*, and plaintiff replied generally. On the issue thus joined, trial was had. Without objection, the contract was admitted in evidence. In the argument before this court there was no denial of the truth of the statement contained in the petition, that pending the trial both parties were prepared to ask the court to instruct the jury, when the court suggested that the jury should find a special verdict; and they did so, to-wit: "We, the jury, find that there was a contract between the parties in the words and figures following, to-wit, (setting forth the entire contract) and we further find, that the said contract was reduced to writing, but never signed, and that there was a breach of same by said Burson. If, upon this state of facts, the law is for the plaintiff, we find for him, and assess his damages at $242.25 ; and if upon this state of facts the law

is for the defendant, we find for the defendant." The judgment of the court was as follows:·"This day came again the parties by their attorneys, and the court having maturely considered of its judgment upon the special verdict rendered in this cause, doth decide that the law is for the defendant. It is, therefore, considered by the court that the plaintiff take nothing by his bill, and that the defendant thereof go without day and recover of the plaintiff his costs by·him about ·his defence in this behalf expended." To this judgment a writ of error was allowed by one of the judges of this court on the application of McCrowell.

*John A. Campbell,* for the plaintiff in error.

*White & Buchanan, H. H. Blanchard, Fulkerson & York,* for the defendant in error.

I. Before the merits can be considered, this court must determine whether it has jurisdiction.

The amount in controversy, as ascertained by the special verdict, is $242.25. That is the sum and the only sum that it was possible for the plaintiff to have recovered in the court below, if the judgment had been in his favor. The special verdict fixed that as the actual amount in controversy. In such cases the court must determine in whose favor the law is upon the facts found, and give judgment accordingly. *Brown, &c.,* v. *Ferguson,* 4 Leigh, 37 and 56; 4 Minor, 834; Barton's Law Pr. 264.

A special verdict like a case agreed conclusively determines the actual amount or value of the matter in controversy, as well as every other fact in the case; and the amount or value so ascertained will govern the appellate court in all questions of jurisdiction; and if it be less than the jurisdictional limit, the appeal will be dismissed. This was so held by the supreme court of the United States in *Tintsman* v. *National Bank,* 100 U. S. 6.

On this point the United States statute is the same as ours.

So far as we have been able to discover, the precise point in this case has never been formally presented nor passed upon by this court.

The supreme court of the United States, upon a statute like ours upon this point, has established certain rules by which to determine its jurisdiction, and which are substantially as follows:

1st. That the amount in controversy in the appellate court, and not the amount sued for, determines its jurisdiction.

2d. That the amount demanded in the lower court will be considered the amount in controversy in the appellate court, unless the record shows the actual amount in controversy in the appellate court; and then the actual amount shown, and not the amount demanded, will determine its jurisdiction.

3d. That the court will not take jurisdiction in any case where it is not possible for the party appealing to be benefited to at least the extent of $5,000, if judgment appealed from is reversed.

*Hilton* v. *Dickenson,* 108 U. S. 165, &c.

Trying this case by these rules this court has no jurisdiction.

The position of the plaintiff that he has the right to appeal because his damages are laid in the declaration at more than $500, without regard to the real or actual sum in controversy, is wholly untenable.

II. Upon the merits.

The contract sued on never had any legal existence. It was for the sale of land, and was not in writing.

There were two parts and two parties to the contract. The defendant was one party, and as such he on his part was to build two houses at the price of $1,600, to be paid partly in money, partly in goods and partly in land. The defendant was the other party, and on his part he was to convey to plaintiff two houses and lots, and to pay the balance in money and goods. It was clearly a sale of land, and not having been reduced to writing,

cannot be enforced.    Mr. Parsons, in 3 Parsons on Contracts, 35, (6 ed.), says: "a contract to convey land for certain services is within the statute, and if the services are rendered the contract cannot be enforced, unless in writing"—citing *Ham* v. *Goodrich*, 37 N. H. 185.

Bishop on Contracts, sec. 534, says : " if any legal or equitable ownership, however slight, in anything which, either at common law or in equity, is deemed real estate, is the subject of the contract, or intended to pass by it, the statute of frauds requires it to be in writing." See also sec. 535.

" But if there be an entire consideration for the defendant's promise, made up of several particulars, and one of these consists of an agreement by the defendant which the statute of frauds requires to be in writing, and which, for want of such writing, is void, the whole consideration is void, and the promise cannot be supported—1 Chitty on Contracts (11th ed.), pp. 68, 412, 413 and 420." *Noyes* v. *Humphreys*, 11 Gratt. 636 and 653. See also *Howard* v. *Brower*, 37 Ohio St. 402 ; *Van Alstine* v. *Wimple*, 5 Cowen, 162; *Crabill* v. *Marsh*, 38 Ohio St. 331 and 338.

RICHARDSON, J., after stating the case, delivered the opinion of the court:

The sole question, on the merits of the case, is whether the court below correctly decided the law upon the facts found by the jury in their special verdict.    But before proceeding to consider that question, it is necessary to first consider a jurisdictional question raised by counsel for the defendant in error, and strenuously insisted upon.

In their printed brief the learned counsel for the defendant in error say : ' The amount in controversy, as ascertained by the special verdict, is $242.25 ; that that is the sum and the only sum that is was possible for the plaintiff to have recovered in the court below, if the judgment had been in his favor ; that

the special verdict fixed that as the actual amount in contro-
versy; that as there was no objection to the verdict, no motion
to set it aside, and no exception taken to the action of the court
below prior to the rendition of the judgment on the special ver-
dict, that everything, therefore, that was done upon the trial,
prior to the judgment, is settled forever. And to make good this
contention, *Brown, &c.,* v. *Ferguson,* 4 Leigh, 37 and 56; 4 Mi-
nor, 835; Barton's Law Practice, 264, are relied on. A mere
casual examination of these authorities will suffice to show that
they have no practical bearing upon the question raised by the
counsel for the defendant in error. The last mentioned case
settles only this: "If a special verdict be uncertain, so that the
court cannot say for which party judgment ought to be given,
there ought to be a *venire de novo;* but if the verdict be not un-
certain, but the plaintiff's case thereby shown to be a defective
case, or a defective title, there should be no *venire de novo,* and
judgment must be given for the defendant."

The manifest defect which lies at the root of the proposition
asserted by the counsel for the defendant in error, is the assump-
tion that the special verdict fixed the amount in controversy
in this case. This is a clear misapprehension. The fact is, that
by reason of the judgment of the court on the question of law,
no verdict was rendered for the plaintiff for anything, but upon
the hypothetical case, submitted by the special verdict, there
was the simple result of a verdict and judgment for the defend-
ant, in all respects the same in effect as a general finding for
the defendant and judgment thereon would have been. By
these means the plaintiff, suing for $1,000, got nothing, and he
comes here insisting that wrong has been done him, and asking
that the error committed by the court below in its ruling on the
law be corrected, and the wrong avoided. Upon what principle
could this court undertake to say that the plaintiff would have
accepted as satisfactory the amount of damages suggested by the
special verdict? The acceptance of that sum was never within
his reach; he could neither accept nor take steps to reject it, un-

til the judgment of the court put it within his reach ; that event never happened, the judgment being for the defendant.

But it is further insisted by counsel for the defendant in error, that " a special verdict, like a case agreed, conclusively determines the amount or value of the matter in controversy as well as every other fact in the case; and the amount or value so ascertained will govern the appellate court in all questions of jurisdiction ; and if it be less than the jurisdictional limit the appeal will be dismissed ; and to sustain this proposition *Tintsman* v. *National Bank*, 100 U. S. 6, is relied on. There is in that case nothing to sustain the contention on the part of the defendant in error, as we shall presently see. The case was this : The writ of error was brought by the defendant below to reverse a judgment against him of more than $5,000 ; but on looking into the record it was found, as stated by Chief-Justice Waite in delivering the opinion, that the case was heard on an agreed statement of facts in the nature of a special verdict, in which it appeared that the plaintiff claimed of the defendant $8,233.79, and interest from June 4th, 1876. The defendant admitted that he owed of this amount $5,099.59, for which the plaintiff was entitled to a judgment. The only controversy was as to the liability of the defendant for the difference between what he admitted to be due and what the plaintiff claimed, or $3,134.20. " This, then," says Chief-Justice Waite, " is the amount actually in dispute, and as it is less than $5,000, we have no jurisdiction." The case has no possible application to the case in hand. It is at the same time a case which, in no respect, sustains the broad, unqualified proposition that *a special verdict, like a case agreed, conclusively determines the actual amount or value of the matter in controversy, as well as every other fact in the case.* It is perfectly plain, not only from the language of Chief-Justice Waite, but from the latest decisions of that court on the subject, that had the amount in that suit, over and above the amount admitted by the defendant to be due to the plaintiff, exceeded $5,000, the court would

have taken jurisdiction. For precisely the same reason the plaintiff in this suit having sued for $1,000, the special verdict fixing the damages at $242.25, subject, however, to the judgment of the court on the law of the case, and judgment having been given for the defendant, there was absolutely nothing left by which to measure the plaintiff's right of appeal except the amount sued for. In other words, the plaintiff stood precisely in the same attitude in respect to his jurisdictional rights before this court as he would have occupied upon a demurrer sustained to his declaration, had he chosen to come up in that form for redress.

But tested by the case of *Tintsman* v. *National Bank, supra,* the position assumed by counsel for the defendant in error above stated cannot be upheld, for the further reason that here the amount sued for, over and above the damages conditionally assessed in the special verdict, is in excess of $500, and therefore within the jurisdiction of this court.

The vice in the argument of counsel for the defendant in error consists in stating a proposition quite different from any thing decided by the supreme court in *Tintsman* v. *National Bank*; or, in other words, in imputing to the special verdict in this case some peculiar effect which it does not possess. The statement by counsel is, that a special verdict, like a case agreed, determines the actual amount or value, &c. The case referred to decides no such, nor any kindred proposition, but only as stated by the chief-justice, that in looking into the record it was found that the case "was heard on an agreed statement of facts in the nature of special verdicts, from which it appearing that the amount in controversy was never as much as the jurisdictional limit, the court refused to take jurisdiction." Now in what respect is an agreed statement of facts *in the nature of* or like a special verdict? Simply that by each the facts are ascertained subject to the necessary qualification, however, that (a special verdict) is inchoate, wanting in efficacy in a case like this, until the hypothetical case submitted to the court, in respect

to the plaintiff, is subjected to and made efficient by the application of the law to the facts submitted. But when, as in this case, the facts submitted are by the judgment of the court declared under the law not such as to entitle the plaintiff to the benefit thereof, and judgment on the law of the case is given for the defendant, then the facts found or submitted by the special verdict have no other or greater effect than if the finding had been general instead of special.

But in another view, it is strenuously contended by counsel that the precise point raised in this case has never been formally presented to, nor passed upon by this court; and it is insisted that the question has been decided by the supreme court of the United States in the late case of *Hilton* v. *Dickenson*, 108 U. S. 165, and that tested by the rule laid down in that case, this court has no jurisdiction of the case under consideration.

This view, like that already disposed of, is predicated upon the erroneous idea that the real amount in controversy is the $242.25, mentioned in the special verdict. In their printed argument, counsel for the defendant in error insist, that whilst the damages laid in the declaration is $1,000, the record shows, and that it is really admitted, that the actual amount in controversy is only $242.25, and that it is not possible for the plaintiff to be benefited by the reversal of the judgment appealed from more than that sum. It is sufficient to say that, for reasons already given, this view cannot be sustained.

But it will be made manifest by the most casual reading that *Hilton* v. *Dickenson, supra,* is in no respect like this case. That was a bill of interpleader filed by Charles D. Gilmore against Benjamin S. Hilton, William H. Dickenson, John Devlin, and others, to determine the ownership of $2,500, which Gilmore held as trustee. The fund was paid into court, and when the decree below was rendered, had increased by investment to more than $3,000. Hilton, Dickenson and Devlin each claimed the whole. The court, at special term, decreed the whole to Hilton. From that decree both Dickenson and Devlin appealed to the general

term. There the decree at special term was modified so as to direct the payment of the fund to Hilton and Dickenson in equal moieties. Hilton took an appeal from that decree of the supreme court of the District of Columbia, in so far as it modified the decree of the court below, to the supreme court of the United States. Dickenson moved to dismiss the appeal of Hilton on the ground that the value of the matter in dispute did not exceed $2,500.

Delivering the opinion of the court, Chief-Justice Waite said : " The question is then presented whether, upon the face of this record, it appears that the value of the matter in dispute, for the purpose of our jurisdiction, exceeds $2,500, and that depends on whether the matter in dispute is the whole amount claimed by Hilton below, or only the difference between what he has recovered and what he sued for. So far as we have been able to discover, this precise point has never before been passed upon in any reported case."

Then collecting and reviewing all the decisions of that court in any way bearing on the question, from *Wilson* v. *Daniel,* decided in 1798, to the present time, including the case of *Knapp* v. *Banks,* 2 How. 73, which was a writ of error brought by a defendant, against whom a judgment had been rendered for less than the jurisdictional amount, in which Mr. Justice Story said for the court: " The distinction constantly maintained is this : When the plaintiff sues for an amount exceeding $2,000, and the *ad damnum* exceeds $2,000, if by reason of any erroneous ruling of the court below, the plaintiff *recovers nothing,* or less than $2,000, then the sum claimed by the plaintiff is the sum in controversy, for which a writ of error will lie. But if a verdict is given against the defendant for a less sum than $2,000, and judgment passes against him accordingly, then it is obvious that there is, on the part of the defendant, nothing in controversy beyond the sum for which the judgment is given, and consequently he is not entitled to any writ of error. We cannot look beyond the time of the judgment in order to ascertain whether a writ of error lies or not."

And further on, in *Hilton* v. *Dickenson, supra,* Chief-Justice Waite says: "It is undoubtedly true that until it is in some way shown by the record that the sum demanded is not the matter in dispute, that sum will govern in all questions of jurisdiction, but it is equally true that when it is shown that the sum demanded is not the real matter in dispute, the sum shown, and not the sum demanded, will prevail;" citing a number of decisions, among them, *Tintsman* v. *National Bank, supra,* and *Banking Association* v. *Insurance Association,* 102 U. S., to sustain the rule and the qualification thereto as stated by the learned chief-justice. And the same judge, proceeding, says: "Under this rule it has always been assumed, since *Cooke* v. *Woodrow, supra,* 5 Cranch, 13, that when a defendant brought a case here, the judgment or decree against him governed our jurisdiction, unless he had asked affirmative relief, which was denied; and this, because as to him, jurisdiction depended on the matter in dispute here. If the original demand against him was for more than our jurisdictional limit, and the recovery for less, the record would show that he had been successful below as to a part of his claim, and that his object in bringing the case here was not to secure what he had already got, but to get more. As to him, therefore, the established rule is, that unless the additional amount asked for is as much as our jurisdiction requires, we cannot review the case." And the chief justice adds: "We are unable to see any difference in principle between the position of a plaintiff and that of a defendant *as to such a case.* The plaintiff sues for as much as, or more than the sum required to give us jurisdiction, and recovers less. He does not, any more than a defendant, bring a case here to secure what he has already got, but to get more. If we take a case for him when the additionel amount he asks to recover is less than we can consider, he has 'an advantage over his antagonist,' such as, in the language of Chief-Justice Ellsworth, in *Wilson* v. *Daniel, supra,* 'it is not to be presumed it was the intention of the legislature to give.'"

To avoid such a result, the supreme court ruled, as above

stated, that, as to *both parties*, the matter in dispute, on which jurisdiction depends, is the matter in dispute between the parties as the case stands in the appellate court upon the writ of error or appeal. In *Wilson* v. *Daniel*, *supra*, it had been held that, to avoid giving one party an advantage over the other, it was necessary to make jurisdiction depend on the matter in dispute, when the action was instituted. But that case was overruled in *Gordon* v. *Ogden*, 3 Pet. 33, and it was there held, as to a defendant, that his rights depended on the matter in dispute in the supreme court; and Mr. Justice Iredell having delivered a dissenting opinion in *Wilson* v. *Daniel*, in which he strongly urged the opposite view, to-wit: that the matter in dispute, referred to in the judicial act, evidently meant the matter really in dispute on the writ of error, and not the matter sued for originally. Mr. Chief-Justice Waite, in delivering the opinion in *Hilton* v. *Dickenson*, concludes that, when *Wilson* v. *Daniel*, was overruled in, *Gordon* v. *Ogden*, and it was held, as to a defendant, that his rights depended on the matter in dispute, in that court, there could be no doubt it was the intention of the court to adopt as an entirety the position of Mr. Justice Iredell in his dissenting opinion in *Wilson* v. *Daniel*, *supra*. In other words, that it was the intention to put both parties on an equal footing, by making the amount in dispute in the appellate court, the test of jurisdiction. And in summing up the results, Chief-Justice Waite says: " Under this rule we have jurisdiction of a writ of error or appeal by a plaintiff below, when he sues for as much as, or more than our jurisdiction requires, and recovers nothing, or recovers only a sum which, being deducted from the amount or value sued for, leaves a sum equal to or more than our jurisdictional limit, for which he failed to get a judgment or decree." Clearly, then, under the rule laid down in *Hilton* v. *Dickenson*, *supra*, this court, aside from its own well established rule, has jurisdiction of the case under consideration.

The plaintiff sued for $1,000. The jury found a special verdict, assessing his damages at $242.25, provided the court should

find the law for the plaintiff. The court found the law against the plaintiff, and gave judgment for the defendant. Thus the plaintiff recovered nothing, and the special finding of $242.25 was cut off from him, and rendered inoperative for any purpose. To say that the plaintiff stands precluded thereby, would be to say in effect that the court below has the right by its ruling on the law, though never so erroneous, to defeat the plaintiff in *toto*. The idea is repulsive to the spirit and letter of the law, and cannot be sanctioned by any court governed by legal rules.

In the case here, not only under the rule laid down by the supreme court, above referred to, but especially under the rule of this court, as laid down in *Gage* v. *Crockett*, 27 Gratt. 735, we have jurisdiction.

Now on the merits how stands the case? The form of action is *assumpsit*, and issue was joined on the plea of *non-assumpsit*. The contract reduced to writing, but not signed, went without objection in evidence to the jury. In the argument before the jury, counsel for the defence for the first time took the position that the contract was a contract for the sale of real estate, and must be in writing, and signed by the party to be charged thereby, &c. In other words, it was in the court below, and is here insisted that the contract *sued on* being for the sale of land, and not in writing and signed, never had any legal existence.

If the plaintiff's suit had been a suit to enforce the contract in question, then the objection taken would certainly be good, at least in a suit at law, and in equity too, unless the contract had been so far executed as to take it out of the statute of frauds.

It is undeniably true, as contended by counsel for the defendant in error, "if any legal or equitable ownership, however slight, in anything which, either at common law or in equity, is deemed real estate, is the subject of the contract, or intended to pass by it, the statute requires it to be in writing." It is also true that where there is an entire consideration for the defend-

ant's promise, made up of several particulars, and one of these consists of an agreement by the defendant, which the statute of frauds requires to be in writing, and which, for want of such writing, is void, the whole consideration is void, and the promise cannot be supported. 1 Chitty on Contracts, 68, 412, 413, 420.

In support of his contention, counsel for the defendant in error refers to a number of cases, among them *Howard* v. *Brower*, 37 Ohio St 402 ; *Van Alstine* v. *Wimple*, 5 Cowen 102 ; and *Crabill* v. *Marsh*, 38 Ohio S. R. 331. In each of these cases the suit was to enforce the contract. Here, however, the contract assailed, as within the statute of frauds, is not sought to be enforced, but is a matter collateral to the matter in suit. Here the plaintiff in error agreed to build two houses for the defendant in error, for which the latter agreed to pay the former $1,600 in goods, in land, and in money. The plaintiff in error made extensive and expensive outlay in order to comply on his part, but the defendant in error refused to permit him to perform the contract on his part, though he was willing and ready to do so according to the agreement. By this means the plaintiff in error says he is damaged, and asks to be compensated for the injury sustained. Can it be possible that the defendant in error can shirk his responsibility by saying he promised to pay for the work when done, partly in real estate, and the promise not being in writing, he is sheltered by the statute of frauds; can disappoint and damage the other party at will and employ another to do his work? If so, then it is a most glaring instance of a right without a remedy, a wrong done by one without the possibility of redress for the party injured. Such is not the law.

This case can scarcely, if at all, be distinguished from the common case of one person undertaking to do work for another at an agreed price, in money, with the privilege to the party for whom the work is to be done to pay in something other than money. There was nothing immoral, nothing illegal in the agreement of the plaintiff in error, to receive for his work and

materials payment in part in real estate. Had the plaintiff in error been permitted to go on and do the work, as he was ready and willing and offered to do, surely, though he might not have been able to enforce the contract at law, the law would imply a contract to pay him for his work. In 1 Chitty on Contracts, 421, it is said: "So, if a party fell and remove timber, or take away a growing crop, under a void parol contract, he becomes liable, on a new implied contract, as for goods sold, although he could not have been sued on the original contract."

The judgment of the circuit court is clearly wrong and must be reversed, and the cause remanded for a new trial to be had therein in accordance with the views herein expressed.

JUDGMENT REVERSED.