# Richmond

## CHARLIE RICKS, ADMINISTRATOR OF THE ESTATE OF FINLEY JONES, DECEASED V. MARY SUMLER.

April 13, 1942.

Record No. 2502.

Present, All the Justices.

572

The opinion states the case.

*Carlton E. Holladay* and *Robert W. Arnold, Jr.*, for the plaintiff in error.

*Frank P. Pulley, Jr.* and *W. Stanley Burt*, for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

Mary Sumler, hereinafter referred to as the plaintiff, filed in the court below a notice of motion for judgment against Charlie Ricks, administrator of the estate of Finley Jones, deceased, seeking to recover the sum of $1,000 claimed to be due as "compensation for her services" rendered to Jones during his lifetime. The basis of the action is an oral agreement which the plaintiff alleges was entered into between her and the decedent, who was then in declining years, whereby she was to do his general housework, nurse and take care of him, and look after his crops, hogs and chickens, and in consideration thereof he was to devise and bequeath to her all of his property, both real and personal. The plaintiff alleges that she faithfully performed her part of the agreement over a period of more than ten years; that Jones died on March 28, 1940, while seized and possessed of both real and personal property; that in disregard of his promise and agreement, he failed to devise and bequeath to her the property; and that, therefore, the estate of the decedent was indebted to her in the sum of $1,000, with interest, that being the "fair value" of the real and personal property of which Jones had died seized and possessed, and also the "fair value" of the services which she had rendered to him.

By pleas and grounds of defense the administrator asserted the defenses that: (1) the alleged contract whereby the deceased agreed to devise to the plaintiff his real estate was void and unenforceable under the statute of frauds (Code, section 5561) because not in writing; (2) the alleged debt was barred by the three-year statute of limitations (Code, § 5810); and (3) the alleged contract had not been performed by the plaintiff.

There was a trial by a jury which resulted in a verdict for the plaintiff in the sum of $1,000, on which the lower court entered the judgment which is here for review.

The first and principal contention of the administrator is that the present action at law cannot be maintained because it is based on an oral contract to devise real estate, in contravention of the "sixth" paragraph of the statute of frauds (Code, section 5561), which prohibits the bringing of an action "Upon any contract for the sale of real estate" unless it or some memorandum thereof "be in writing and signed by the party to be charged thereby".

[■ It is settled in this State that an oral contract to devise real estate is within this paragraph of the statute of frauds. *Hale* v. *Hale*, 90 Va. 728, 730-1, 19 S. E. 739. In that case, as here, under the agreement sought to be enforced, the promisee was to "get the whole estate, real and personal," of the promisor. We held that this agreement was within the statute.

In other jurisdictions the courts are practically unanimous in holding that an agreement to devise and bequeath all of one's property, or all of one's property both real and personal, is within the statute of frauds, at least insofar as the real property is concerned. See, 27 C. J., p. 209, sec. 170; 25 R. C. L., p. 587, sec. 190; *Grant* v. *Grant*, 63 Conn. 530, 29 A. 15, 38 Am. St. Rep. 379; *Wallace* v. *Long*, 105 Ind. 522, 5 N. E. 666, 55 Am. Rep. 222; *In re Roberts' Estate*, 202 Minn. 217, 277 N. W. 549.

In 24 Michigan Law Review 749, 760, it is stated that the highest court of Kansas alone has drawn a distinction between a promise to devise a particular piece of land and a promise to devise all of one's estate, and has held that the former promise is within the statute and the latter is without the statute. See, *Stahl* v. *Stevenson*, 102 Kan. 447, 171 P. 1164.

In the present case the plaintiff testified that the decedent promised that in consideration of her services he would "leave" to her "all the property that he had when he died," which, of course, is the same as saying that he would leave

her all of his property, both real and personal, and under the authorities cited is within the statute of frauds.

In *Lloyd* v. *Smith*, 150 Va. 132, 137-8, 142 S. E. 363, we held that where the statute of frauds is asserted as a defense, an action for damages cannot be sustained for the breach of a parol contract for the conveyance of land, that is, no action at law can be based on the express contract. The same is, of course, true of a parol contract for the devise of land.

While in *Timberlake's Adm'r* v. *Pugh*, 158 Va. 397, 163 S. E. 402, we sustained a judgment for damages for breach of a contract to devise real estate, it appears from both the opinion and the record that the sole question presented to us was whether there was sufficient corroboration of the plaintiff's testimony to satisfy the requirements of Code, sec. 6209. In neither the lower court nor before us was the statute of frauds asserted as a defense. Therefore, such a defense was waived. See, *Eaves* v. *Vial*, 98 Va. 134, 140, 34 S. E. 978; *Moore Lumber Corp.* v. *Walker & Williamson*, 110 Va. 775, 778, 67 S. E. 374, 19 Ann. Cas. 314.

But the fact that the plaintiff, because of the statute of frauds, cannot maintain an action at law for damages for the breach by decedent of the parol contract to devise the real estate to her, does not mean that she is without remedy in a court of law.

In *Roller* v. *Murray*, 112 Va. 780, 782, 72 S. E. 665, 666, 38 L. R. A. (N. S.) 1202, Ann. Cas. 1913B, 1088, we said:

"The general rule is that where an agreement is treated as void merely because it is not enforceable, as in cases under the statute of frauds or of parol agreements where the contract is not in writing and money is paid or services are rendered under it by one party and the other avoids it, there can be a recovery upon an implied assumpsit for the money paid or the value of the services rendered. In such cases there has been the mere omission of a legal formality, and while by the terms of the statute he must lose the benefit of his contract, yet there being nothing illegal or immoral in it he is entitled to be compensated for the services rendered under it."

In 28 R. C. L., p. 693, sec. 30, it is said: "It is a general rule of law that he who gains the labor or acquires the property of another must make reasonable compensation for the same. Hence, when one furnishes labor to another under a contract which, for reasons not prejudicial to the former, is void and of no effect, he may recover the value of his services on a quantum meruit as a benefit to the person receiving them."

In Burks' Pleading & Practice, 3rd Ed., p. 189, sec. 93, the author quotes with approval the following from Clark on Contracts: "Where an agreement is not illegal, but merely void, or unenforceable, and one of the parties refuses to perform his promise after performance or part performance by the other, the law will create a promise to pay for the benefits received."

In *Hendrickson* v. *Meredith*, 161 Va. 193, 198-9, 170 S. E. 602, we approved these principles as applicable to an action at law to recover the value of services rendered to a decedent in consideration of a promise of a testamentary provision.

They had been previously applied by us in *McCrowell* v. *Burson*, 79 Va. 290. There the defendant employed the plaintiff, by a parol contract, to furnish labor and materials to build a house and agreed to pay him in money, merchandise and land. After the plaintiff had incurred expense in preparing for the job, the defendant refused to allow him to perform it. We held that while the express contract to make payment in land could not be enforced, since it was within the statute of frauds, nevertheless the defendant was liable under the implied contract for the work done and materials furnished.

These principles apply here. While the statute of frauds bars an action at law to recover damages for the breach of the express agreement to devise real estate, it is well settled that such an action may be maintained on the implied contract to recover the reasonable value of the services rendered. See, Williston on Contracts, Rev. Ed., Vol. 2, sections 534, 536; 39 Harvard Law Review, p. 661, and cases cited; 27 C.

J., p. 363, sec. 441; 25 R. C. L., p. 307, sec. 121; notes, 69 A. L. R. 90, 106 A. L. R. 753.

■ Unless the promisor has previously repudiated the contract, the cause of action for the value of the services rendered under such a contract accrues upon the death of the promisor without having made the devise agreed on, for until that time the debt is not due. *Appeal of Hull*, 82 Conn. 647, 74 A. 925, 926; *Goodloe v. Goodloe*, 116 Tenn. (8 Cates) 252, 92 S. W. 767, 6 L. R. A. (N. S.) 703, 8 Ann. Cas. 112; *Cann v. Cann's Heirs*, 45 W. Va. 563, 31 S. E. 923, 924; 39 Harvard Law Review 661. Other cases to this effect are found in the notes in 69 A. L. R. 167, 106 A. L. R. 764, and 8 Ann. Cas. 113.

■ In the case before us the action was brought within one year of the death of the promisor, and hence the trial court correctly held that it was not barred by the three-year statute of limitations (Code, § 5810) as claimed by the administrator.

■ Where an express agreement for the devise of real estate as compensation for services rendered is unenforceable because within the statute of frauds, and an action at law is brought to recover under the implied contract for the value of the services rendered, the measure of the recovery is, of course, the reasonable value of the services and not that of the property agreed to be devised. Williston on Contracts, Rev. Ed., Vol. 2, sec. 536; 25 R. C. L., p. 724, sec. 371. Other pertinent cases to this effect are collected in the annotations found in 69 A. L. R. 99, and 106 A. L. R. 753.*

[■ In the case at bar, the lower court instructed the jury that if they found for the plaintiff the measure of her recovery was the value of the property which the decedent promised to devise and bequeath to her. This was error. We cannot say it was harmless error because the record discloses that the jury actually measured the amount of the plaintiff's recovery by the value of this property, fixed in the evidence

---

*See, *Harris v. Sparrow*, 146 Va. 747, 755-6, 132 S. E. 694, where the question of the proper measure of recovery in such a case was raised but not decided.

at $1,000, and not by the value of the plaintiff's services, fixed in the evidence at $1,200. Hence, the case must be reversed.

While the plaintiff's notice of motion for judgment may be sufficiently broad for the purpose, nevertheless since there must be a new trial she should be required to amend this pleading to allege clearly a cause of action for the recovery of the reasonable value of her services rendered to the decedent.

█ Under Code, sec. 6209, there must be corroboration of the plaintiff's testimony with respect to her claim. The principles applicable to the present situation are fully set forth by Mr. Justice Holt in *Timberlake's Adm'r* v. *Pugh, supra*, and need not be repeated here.

The judgment complained of will be reversed and the case remanded for a new trial in conformity with the views here expressed.

*Reversed and remanded.*

HOLT, J., dissenting.

No formal appeal to a court of record is less formal than a common-law motion for judgment. One who states a case may recover, however inartistic that statement may be. He may recover on a contract broken, for work done, and for an indefinite number of other reasons. We look to the substance of things.

Part performance may take a contract from under the statute of frauds, particularly where a petitioner has performed all that was promised, although it may in certain circumstances be necessary to resort to a court of equity for adequate relief. *Wright* v. *Pucket,* 22 Gratt. (63 Va.) 370.

Where a vendor has breached his contract, the vendee may follow one of at least three beaten tracks.

First, he may bring a suit for specific performance, which of course gives equity jurisdiction. If it appears that specific performance for any reason is impossible, then equity, having once taken jurisdiction, will adjust the rights of the parties as best it can. It will award to him damages for breach of contract measured by the loss which he has sustained thereby.

The chancellor may do this by a direct decree or he may seek the assistance of a jury in an issue out of chancery. *Porter* v. *Shaffer*, 147 Va. 921, 133 S. E. 614; Pomeroy's Equity, Vol. 1, Section 237, and Vol. 4, Section 1410.

Second, he may recover in assumpsit for services performed. *Brown* v. *Pollard*, 89 Va. 696, 17 S. E. 6; *McCrowell* v. *Burson*, 79 Va. 290.

In the instant case, the value of these services exceeded the gross value of the intestate's estate. Since the right of the plaintiff to recover is measured by this value of the estate, then in no conceivable circumstance should she recover more, and a judgment in excess of that value would be but a futile gesture; she has only asked for a judgment to cover that situation. Moreover, however valuable that estate might have been, plainly a recovery for a lesser sum than she might have been entitled to receive could not possibly have been to the defendant's hurt. He cannot complain.

Third, the plaintiff might recover damages for breach of contract, just as any plaintiff may where a contract has been breached. That is the exact situation in *Timberlake's Adm'r* v. *Pugh*, 158 Va. 397, 163 S. E. 402. Such a judgment we there sustained. To assume that counsel in that case overlooked anything which would have defeated a recovery is to assume a good deal. He is not likely to have overlooked so simple a proposition as that relied upon here to defeat a recovery.

The measure of her recovery, if she is entitled to recover at all, is the value of her father's estate. Her estimate of its value is not in dispute. In any event, and by whatever road she traveled, she is entitled to a judgment for that sum, which is $1,000. And so, whether she proceeded at law or in equity, we come out through the door by which we entered.

The statute of frauds, as a definition of precision, leaves something to be desired, but plainly it was not intended to make straight the way for those who forget their promises, or to place a premium on broken covenants.

Courts should not be alert to defeat just claims. A jury's verdict has established the contract by evidence which it

deemed competent and satisfactory, and it has fixed the value of the estate as the measure of this illegitimate daughter's recovery. If she is defeated, it will pass to others who have manifested no more interest in the father than does an eight-year-old horse in its sire.