## Richmond

Ethel Cochran, Executrix of the Will of Rose Wright, Deceased v. Everett Bise.

Everett Bise v. Glyn R. Phillips, Administrator, D. B. N. of the Estate of R. L. Wright, Deceased.

November 28, 1955.

Record Nos. 4432, 4436.

Present, Hudgins, C. J., and Spratley, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*S. H. & George C. Sutherland,* for plaintiff in error, Cochran, Executrix.

*G. Mark French*, for defendant in error, Bise.

*G. Mark French*, for plaintiff in error, Bise.

*Glyn R. Phillips* and *M. M. Long*, for defendant in error, Glyn R. Phillips, Administrator.

HUDGINS, C. J., delivered the opinion of the court.

Everett Bise, plaintiff in the lower court, in his motion for judgment against Ethel Cochran, executrix under the will of Rose Wright, and Glyn R. Phillips, administrator d.b.n. of the estate of R. L. Wright, deceased, alleged that he was entitled to recover the sum of $13,000.00 for breach of express contract whereby each decedent promised to leave him by will a child's part of their respective estates in consideration of his agreement to live in the home with them as their child and treat them as his parents until their death; that he fully performed all the obligations imposed upon him, and that decedents died without leaving him a child's part of their estates.

Defendants filed separate grounds of defense, in which each alleged that the contract upon which plaintiff relies was not in writing, and pleaded the statute of frauds and the statute of limitations. The court sustained the pleas of the statute of frauds of both defendants and permitted plaintiff to amend his motion for judgment by adding the following:

"And it now appearing that said contract by reason of the statute of frauds or because of the indefiniteness of the remuneration promised is unenforceable in a court of law, and that I am entitled to recover from you the reasonable value of the said services furnished your decedents under the aforesaid contract and that the reasonable value of said services and goods furnished by me as aforesaid is the sum of $13,000.00, and that in any event I am entitled to recover from you said sum of $13,000.00."

To this amended motion each defendant pleaded the statute of limitations. At a pre-trial conference it appeared that R. L. Wright died on December 21, 1944, intestate. Rose Wright died on February 2, 1954. The action was instituted on May 3, 1954. Thereupon, the court sustained the plea of the statute of limitations of the administrator of the estate of R. L. Wright and rejected the plea as to the executrix of Rose Wright's estate. Upon the trial of the

case on its merits the court entered a judgment for $4,000.00 on a verdict returned for plaintiff against Ethel Cochran, executrix of the will of Rose Wright.

This Court awarded plaintiff a writ of error to review the judgment sustaining the plea of the statute of limitations as to the administrator of the estate of R. L. Wright and a writ of error to the executrix of the estate of Rose Wright to the $4,000.00 judgment pronounced against her.

There are two principal questions raised on the same record in the two appeals; one is when the statute of limitations begins to run and the other is whether plaintiff is entitled to recover the full value of his services from the time the unenforceable contract was made, or whether he is limited in his recovery to the value of his services rendered within the three years immediately preceding the death of Rose Wright.

Plaintiff contends that he rendered service to R. L. Wright and Rose Wright from April, 1932, to R. L. Wright's death, December 21, 1944, and to Rose Wright until her death on February 2, 1954, in consideration of their joint oral promise to leave him by their respective wills a child's part in their respective estates, and that inasmuch as it was a joint promise each of the estates is indebted to him on an implied contract to pay the reasonable value for the services he rendered both. He argues that the contract was not breached and that the cause of action did not arise until February 2, 1954, when Rose Wright, the last of the two promisors, died without leaving him by will a child's part in her husband's estate and a like part in her own estate.

This is not an action to recover from Rose Wright's estate damages for her failure to induce R. L. Wright to make a will giving plaintiff a child's part of his estate. It is a hybrid sort of proceeding, that is, it is an action on an implied contract, in which the personal representatives of the two decedents are named as joint defendants, to recover a judgment against both for the value of services rendered R. L. Wright prior to his death and the value of services rendered Rose Wright thereafter.

The alleged contract upon which plaintiff relies to create an implied promise to pay the reasonable value of services performed is thus stated by him: "R. L. Wright and Rose Wright promised me that in consideration that I would stay with them until their deaths and treat them as like I was their child and take care of them

as if I was their child, they on their part would treat me as their child and on their deaths would give me a child's part of their property, real and personal."

Neither R. L. Wright, nor Rose Wright, had the right to leave plaintiff a child's part of the other's property. There is no allegation that they made any such promise. According to plaintiff's own construction of the contract, each promised plaintiff that he or she would leave him a child's part in his or her property, not a child's part in the other's property.

When R. L. Wright died without having made any provision by will or otherwise to pay plaintiff, he irrevocably repudiated the alleged agreement. His death forever precluded him from complying with the terms of the alleged contract. He was survived by three children and a widow, to whom his property passed under the statutes of descent and distribution. There was nothing that Rose Wright could do even if she so desired to give by will a child's part of her husband's property to plaintiff.

Plaintiff knew that R. L. Wright had repudiated his alleged contract when he died without making any provision for him. He knew or should have known that he could not thereafter hold R. L. Wright's estate liable to him on an implied contract for services furnished another party. When plaintiff abandoned his reliance on an express contract and based his action on an implied contract the three year statute of limitations (Code Section 8-13) became pertinent and began to run on December 21, 1944, the date of the death of R. L. Wright. *Ricks* v. *Sumler*, 179 Va. 571, 19 S. E. (2d) 889; Burks Pleading and Practice, 4th ed., § 233, p. 394; 34 Am. Jur., Limitations of Actions, § 93, p. 77, § 113, p. 91. There is no error in the action of the trial court in so holding.

■ The principal contention of Ethel Cochran, the executrix under the will of Rose Wright, is that plaintiff is not entitled to recover on an implied contract more than the reasonable value of the services rendered decedent within the three years immediately preceding her death. This defendant states her assignments of error as follows:

"1. The court erred in not directing the jury, not to consider or find for the plaintiff for any services performed more than three years prior to the death of Mrs. Rose Wright.

"2. The court erred in refusing to set aside the jury's verdict, because it included compensation for services performed more than

three years before petitioner's decedent died, and was therefore excessive, and contrary to the law and evidence without evidence to support it."

In view of these assignments of error and the argument thereon it is not deemed necessary for this Court to dwell upon the evidence. Suffice it to say that the evidence was sufficient to submit to the jury the following questions: (1) Did decedent, Rose Wright, promise to leave plaintiff a child's part of her estate; (2) Did plaintiff in consideration of this promise render the services contemplated and take care of her until her death; (3) Did decedent leave plaintiff a child's part of her estate; and (4) What was the reasonable value of the services performed by plaintiff for decedent.

The court gave appropriate instructions (not copied in the printed record) on each of these issues; that is the jury were instructed that the burden was on the plaintiff to prove by clear and convincing evidence that there was a contract between him and the decedent; that it was necessary for plaintiff's testimony to be corroborated; and that if plaintiff was entitled to recover, the amount of his recovery was the reasonable value of the services rendered. The court correctly refused the various instructions offered by defendant to limit the amount of plaintiff's recovery to the value of the services performed within three years immediately preceding decedent's death.

The substance of defendant's argument is thus stated in her brief:

"Plaintiff abandoned his alleged express contract wherein a time for payment was alleged to have been fixed, and, instead thereof, for recovery relied on an implied one. When the express contract was abandoned, it was abandoned *in toto*. It could not be relied on to defeat the statute of limitations on the implied contract alleged, and relied upon for recovery. When the express contract was abandoned it was as if it never existed, and in fact never did exist. From it no right could be obtained; . . . . "

This argument ignores the theory upon which recovery on an implied contract in this class of cases is permitted. It was held in *Roller* v. *Murray*, 112 Va. 780, at 782, 72 S. E. 665, 666, that:

"The general rule is that where an agreement is treated as void merely because it is not enforceable, as in cases under the statute of frauds or of parol agreements where the contract is not in writing and money is paid or services are rendered under it by one party and the other avoids it, there can be a recovery upon an implied assump-

sit for the money paid or the value of the services rendered. In such cases there has been the mere omission of a legal formality, and while by the terms of the statute he must lose the benefit of his contract, yet there being nothing illegal or immoral in it he is entitled to be compensated for the services rendered under it."

Where a party renders valuable service to another in consideration for such other's promise to leave him all or part of his estate the promisee is not entitled to receive compensation until the death of the promisor. Payment is not due until that time; hence, the statute of limitations does not begin to run until the death of the promisor. The unenforceable contract is pertinent evidence tending to show the circumstances under which the services were performed, the value of the services that the parties themselves placed thereon, and the time fixed for the payment of such services.

In *Scott, Ind. Extr.* v. *Walker*, 141 Tex. 181, 186, 170 S. W. (2d) 718, it was said:

"While the contract is unenforceable by reason of the statute of frauds, it is nevertheless important to the plaintiff, suing for the value of services, to establish the contract, in order to show that the services were not gratuitously rendered and that the suit is not barred by limitation. . . . Without proof of the contract, limitation begins to run from the time of the performance of the services. . . . But when a contract to devise property in consideration of services is established, the obligation to pay value for the services, which the law substitutes for the unenforceable promise, is performable also at the death of the promisor; and if there has been no prior ,repudiation of the contract by him, the cause of action accrues and limitation begins to run at the time of the promisor's death. . . ."

We held in *Hendrickson* v. *Meredith*, 161 Va. 193, 170 S. E. 602, that the plaintiff, who had rendered services to decedent in consideration of his promise to leave her an interest in his land, was entitled to recover on an implied contract the reasonable value of services which she had rendered decedent during the six years immediately preceding his death. In so holding we said (161 Va. 201): ". . . Plaintiff's position is that decedent has accepted her work and labor and has failed to fully compensate her therefor. The extent to which her legal rights have been invaded by decedent, if there has been any invasion, is the reasonable value of the work

and labor performed, less the amount of compensation, whether in money or otherwise, which she has received."

In *Ricks* v. *Sumler, supra,* we held that under a contract to render a decedent services in consideration of a promise of decedent to make a testamentary provision for the promisee the cause of action "accrues upon the death of the promisor without having made the devise agreed on, for until that time the debt is not due. . . . Where an express agreement for the devise of real estate as compensation for services rendered is unenforceable because within the statute of frauds, and an action at law is brought to recover under the implied contract for the value of the services rendered, the measure of the recovery is, of course, the reasonable value of the services and not that of the property agreed to be devised."

These principles were applied in *Simpson* v. *Scott,* 189 Va. 392, 53 S. E. (2d) 21; *Burke* v. *Gale,* 193 Va. 130, 67 S. E. (2d) 917. For other authorities in accord see Williston on Contracts, Vol. II, Rev., § 536, p. 1553; Ann. 69 A. L. R. 99, 106 A. L. R. 753; Restatement of the Law, A. L. I., 2 Contracts, § 355, p. 614.

We find no reversible error in the various rulings of the trial court and affirm its judgment in each case.

*Affirmed.*