## CIRCUIT COURT OF LOUDOUN COUNTY

Robert Shatarsky

v.

Long & Foster
Real Estate, Inc., et al.

July 22, 1993

Case No. (Law) 14507

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the Demurrer of Long and Foster Real Estate, Inc., to the Amended Motion for Judgment. After consideration of the argument of counsel on July 2, 1993, the Demurrer is sustained as to the quantum meruit claim in Count I and overruled as to the fraud claim in Count II.

Because the facts as alleged in the Amended Motion for Judgment are taken as true for purposes of a demurrer, all facts recited herein are derived from the Amended Motion for Judgment.

In May, 1992, Shatarsky entered into a written agreement with Long and Foster whereby he would be employed as its sales manager, and it would pay him a commission of 1.25% of the sales price of each condominium unit sold by him. He terminated his employment in December, 1992. Prior to his termination, he obtained purchasers ready, willing, and able to buy several lots. Some of them settled before Shatarsky left Long and Foster's employment, and others were under contract with approved loans.

At the time the agreement was entered into, Shatarsky was not a licensed real estate agent in Virginia, and Long and Foster was aware of this fact. Long and Foster represented to him that the agreement was valid and legally binding.

Shatarsky alleges that the reasonable value of his services provided to Long and Foster is equal to 1.25% of the sales price for each unit that settled during the period of his employment, and 75% of the full commission for units under contract with approved loans at the time he terminated his employment. He has been paid $5,110.00 by Long and Foster and $3,000.00 by the builder on the project. Shatarsky recognizes that he cannot recover under the agreement because he is an unlicensed real estate sales agent. He did not have the license required by § 54.1–2106. *See, Harrison & Bates, Inc. v. LSR Corp.*, 238 Va. 741 (1989); *Grenco v. Nathaniel Greene*, 218 Va. 228 (1977). Shatarsky seeks to recover from Long and Foster the value of his services under a quantum meruit theory. He cannot prevail because under Virginia law where a contract is void, a party cannot seek a recovery under a theory of quantum meruit. Where the contract is illegal because it is contrary to law or against public policy, no action can be maintained to enforce the contract directly or to recover the value of the services rendered under the illegal contract. *Cochran, Executrix v. Bise*, 197 Va. 483, 487 (1955); *Cohen v. Mayflower Corp.*, 196 Va. 1153, 1160 (1955); *Ricks v. Sumler*, 179 Va. 571, 574 (1942); *Roller v. Murray*, 112 Va. 780, 782 (1911).

There is a criminal penalty for the failure to obtain a required license, and an unlicensed agent is barred from recovering compenstion for his services. *Grenco*, 218 Va. at 232. Permitting a recovery on quantum meruit would encourage, not discourage, illegal activity. An unlicensed agent would suffer no loss, other than a criminal or an administrative penalty, if he could recover the value of his services upon a quantum meruit theory. *See Roller*, 112 Va. at 784. Shatarsky cannot profit from his own wrongful act.

The Demurrer is sustained as to the quantum meruit claim in Count I.

Simply put, Shatarsky alleges in Count II that he was fraudulently induced by Long and Foster to enter into an illegal contract by its representation to him that the contract was valid and necessary for him to be paid a commission when it knew or should have known that the representation was false. Long and Foster demurs on the ground that the representation was one of opinion and not of an existing fact.

It is well settled that fraud cannot be predicated upon a mere expression of opinion. *Poe v. Voss*, 196 Va. 821 (1955). In deciding whether a statement is one of fact or opinion, a Court must consider

the subject matter, the knowledge of the parties and all the circumstances surrounding the statement. Generally, if the statement concerns something of which there can be exact knowledge when made, then it is a statement of fact. All the statements attributable to Long and Foster as alleged are susceptible of exact knowledge, and therefore, they are statements of fact.

The Demurrer is overruled as to the fraud claim in Count II.