## CIRCUIT COURT OF FAIRFAX COUNTY

Kwon

   v.

Lee

September 1, 1993

Case No. (Law) 116703

BY JUDGE ROSEMARIE ANNUNZIATA

This matter is before the court on defendant's motion in limine and motion to dismiss which were taken under advisement at the conclusion of the trial. The underlying cause of action alleges that defendant has defaulted on a $25,000 personal loan made by plaintiffs. Plaintiffs allege the loan was made pursuant to an oral contract and sought to introduce a check for $25,000 made by plaintiffs and payable to defendant as evidence of this agreement.

At trial, defendant raised the statute of frauds as a defense to this action, asserting that the check did not constitute adequate written evidence of the alleged agreement as required by the statute of frauds. *See* Va. Code Ann. § 11–2. Defendant also raised the defenses of usury and the statute of limitations, in the event an oral loan agreement was found to exist. The statute of limitations issue was addressed at trial and will not be further dealt with here.

Plaintiffs respond that (1) the check is adequate evidence of the agreement and admissible by the statute of frauds, and (2) defendants are nevertheless precluded from raising the statute of frauds because they failed to plead it in their grounds of defense. Plaintiffs likewise assert that defendant waived her right to raise usury and the statute of limitations as defenses by her failure to affirmatively plead it.

I find that defendant has waived the defense of the statute of frauds by failing to specifically plead it in her grounds of defense. Because Virginia has abolished general pleas, Va.S.Ct. Rule 3:5, the statute of frauds must be sufficiently pleaded to apprise the plaintiff that defen-

dant intends to rely on this defense where the plaintiff's pleadings implicate the issue. *Ricks v. Sumler*, 179 Va. 571, 576 (1942); *Robertson v. Smith*, 94 Va. 250, 253 (1897); *see also, Lawson v. States Construction Co.*, 193 Va. 513, 521 (1952) (court notes an exception to this rule, allowing defendant to raise the statute of frauds for the first time at trial where nothing in the plaintiff's pleadings required such a response from defendant, the matter having been first raised by the plaintiff's evidence and not the pleading); *Twardy v. Twardy*, 8 V.L.R. 3407, 3413–14 (1992) (noting *Lawson* exception).

Moreover, defendant failed to object to the introduction into evidence of a letter written on her behalf by her counsel acknowledging the $25,000 loan between the parties. (Plaintiff's Exhibit 4). This admission constitutes an additional waiver of the protections afforded by the statute of frauds. *See, Argenbright v. Campbell*, 13 Va. (3 Hen. & M.) 144, 162 (1808); *Harris v. Diamond Constr. Co.*, 184 Va. 711, 722 (1946).

Therefore, I find that defendant is precluded from raising the statute of frauds as a defense to the introduction of the check into evidence. Likewise, I find that defendant has waived her right to raise the defense of usury based on her failure to affirmatively plead it. Va. Code § 6.1–330.56; *Crenshaw v. Clark*, 32 Va. (5 Leigh) 65, 69 (1834); *see also* 19 M.J., *Usury*, § 35 at 377.

For the foregoing reasons, defendant's motion in limine and motion to dismiss are hereby denied.