## CIRCUIT COURT OF FAIRFAX COUNTY

Joanne Maier

v.

Maurice Louis Hendrickx

May 2, 1995

Case No. (Law) 135590

BY JUDGE JANE MARUM ROUSH

This case comes before the Court on Defendant's demurrer to Count II (Unjust Enrichment/Implied Contract) of the amended motion for judgment. For the reasons set out below, the Court overrules the demurrer.

In her amended motion for judgment, plaintiff Joanne Maier alleges that, as part of a plan between Ms. Maier and the defendant Maurice Louis Hendrickx "to link their lives and their dollars in investments for their joint future," ¶ 3,[1] she and the defendant orally agreed that together they would renovate a house owned solely by the defendant and split the profits from the sale of the house. Towards that end, the couple borrowed $45,000. With the $45,000, the defendant paid the plaintiff for the purchase of a Mercedes, paid for the improvements to the defendant's house, and paid defendant's bills. ¶¶ 6, 7 and 8. The plaintiff made the majority of loan payments on the $45,000 loan. ¶ 8. The plaintiff paid from her own funds the costs of materials and labor to improve the defendant's house. ¶ 9. The defendant promised that the plaintiff would get back the funds she invested, plus a profit. ¶¶ 11 and 13. The defendant told the plaintiff that, if they stopped living together, he would return to her the funds she expended. ¶ 15.

---

[1] All paragraph references are to the numbered paragraphs of the Amended Motion for Judgment.

Plaintiff asserts that after her relationship with Mr. Hendrickx ended in August 1993, she made a demand on the defendant for the return of her funds, ¶ 17, and that defendant has failed to return her money. ¶ 18.

The only remaining count of the Amended Motion for Judgment is Count II, entitled "Unjust Enrichment/Implied Contract." To that count, the defendant has demurred.

A demurrer contends that a pleading fails to state a cause of action. *See* Va. Code § 8.01-273(A). A demurrer "admits the truth of all material facts properly pleaded in the motion for judgment, as well as facts that are impliedly alleged and those that may be fairly and justly inferred from alleged facts." *United Leasing Corp. v. Thrift Ins. Corp.*, 247 Va. 299, 301 (1994). In the present case, Plaintiff has sufficiently alleged facts to continue litigating her claim on a theory of implied contract and unjust enrichment.

The Court previously sustained the defendant's demurrer to Count I of the Amended Motion for Judgment, which alleged a breach of the oral contract between the parties. Under well-settled Virginia case law, a verbal agreement to become interested in and to share the profits from lands already owned by one of the parties at the time the agreement is formed is an agreement for the purchase and sale of an interest in real estate required by the statute of frauds to be in writing. *See Porter v. Shaffer*, 147 Va. 921 (1926); *Burgwyn v. Jones*, 113 Va. 511 (1912). Therefore, under the statute of frauds, the oral express agreement between Ms. Maier and Mr. Hendrickx is void and unenforceable.

In support of his demurrer to Count II of the Amended Motion for Judgment, the defendant cites Virginia case law that holds that an express contract defining the rights of the parties precludes the existence of an implied contract of a different nature containing the same subject matter. *See Southern Biscuit Co. v. Lloyd*, 174 Va. 299 (1940). He contends that the plaintiff's allegation of an express contract precludes her ability to seek relief based on an implied contract theory. Defendant's argument, however, fails to distinguish between two distinct actions, both referred to at times as "implied contract": contract implied in fact and contract implied in law, the latter of which is also known as "quasi contract."

Where an "express and *enforceable*" contract exists, the law will not imply a contract in contravention thereof, *Royer v. Board of County Supervisors*, 176 Va. 268, 280 (1940) (emphasis added), or a contract different and in addition to the express contractual terms. *Southern Biscuit Co., supra*, 174 Va. at 312. Such additional contractual terms would be con-

tracts implied in fact. "The only difference between an express contract and a contract implied in fact is that in the former all of the terms and conditions are expressed between the parties, while in the latter some of the terms and conditions are implied in law from the conduct of the parties." *Hendrickson v. Meredith*, 161 Va. 193 (1933). The existence of an enforceable express contract precludes the plaintiff from proceeding on a theory of contract implied in fact.

On the other hand, "[t]here are quasi contracts, or 'contracts implied in law' in which the assent of the parties is immaterial. In such cases the liability exists from an implication of law that arises from the facts and circumstances, independent of agreement or presumed intention [of the parties]." *Hendrickson*, 161 Va. at 200. A quasi contractual obligation is one that is created for reasons of justice, without any expression of assent and sometimes even against a clear expression of dissent. Corbin, *Contracts*, § 19 (1952). The measure of recovery in cases of this kind is generally the amount of unjust enrichment of the defendant. Because of the confusion caused by the use of the term "implied contract" to describe such different kinds of obligation, the tendency is to substitute the term "quasi contract" in place of the term "contract implied in law." Corbin, *Contracts*, § 19.

If an express contract is *unenforceable* (for example, because of the application of the statute of frauds), the plaintiff may proceed under a theory of contract implied at law or "quasi contract." *Ricks v. Sumler*, 179 Va. 571 (1942).

> The general rule is that where an agreement is treated as void merely because it is not enforceable, as in cases under the statute of frauds or of parol agreements where the contract is not in writing and money is paid or services are rendered under it by one party and the other avoids it, there can be an implied assumpsit for the money paid or the value of the services rendered.

*Cochran v. Bise*, 197 Va. 483, 487 (1955), *quoting Roller v. Murray*, 112 Va. 780, 782 (1911).

*Cochran* is one of several Virginia cases in which the plaintiff performed services in exchange for a promised devise of real property, but the promisor died without making provisions for the transfer of the property. Because of the statute of frauds, the promise to convey the land was void and unenforceable. The promisee was not entirely without remedy because the law creates a promise to pay for the benefits received even if the

express agreement is void. *See Hendrickson v. Meredith*, 161 Va. 193 (1933); *Burke v. Gale*, 193 Va. 130 (1951); *Ricks v. Sumler*, 179 Va. 571 (1942).

The facts of the cited Virginia cases are similar to the case at bar in that the plaintiff seeks recovery under a implied contract theory because the purported express agreement is unenforceable under the statute of frauds. The plaintiff in this case does not seek to enforce an implied contract with terms contradictory to, different from or in addition to the terms of the express unenforceable contract between the parties. The language of Count II of the Amended Motion for Judgment is sufficiently clear that the plaintiff seeks to recover on a theory of implied contract at law or unjust enrichment. The factual allegations of the Amended Motion for Judgment sufficiently state a cause of action for quasi contract or unjust enrichment. Accordingly, the demurrer to Count II is overruled.