## CIRCUIT COURT OF FAUQUIER COUNTY

Sams

  v.

Sinclair

February 29, 2000

Case No. (Chancery). 98-281

BY JUDGE THOMAS D. HORNE

This case came to be heard again on the demurrer of the defendant and the bill of particulars filed by the plaintiff with respect to the bill of complaint. The Court has previously taken the matter under advisement.

In paragraphs numbered 12 and 13 of the second amended bill of complaint, the complainant alleges that:

> throughout their relationship, Sams and Sinclair lived as husband and wife. In the earlier years, Sinclair frequently promised Sams they would be married. *Based on this promise*, Sams devoted her life to Sinclair .... Sinclair has made various promises over the years of how he planned to provide for Sams in the event of his death. *Based on his assurance*, Sams continued to stay with Sinclair, caring for him and running the cab business as she had done throughout their relationship. However, he has frequently changed his will, eliminating previously included provisions for Sams. As it now stands, Sams will inherit the sum of $100,000.00 and share as residuary beneficiary as long as there is any money left to distribute.

(Emphasis added.) Thus, the gravamen of the complaint is based upon either a promise by defendant to marry the complainant or a promise to provide for the complainant in the event of the defendant's death. The complainant has parlayed these promises into a multi-count complaint requesting the imposition of a constructive trust upon one-half of the defendant's assets. The complaint seeks relief on the grounds of quantum meruit, implied contract, express contract, and fraud.

Each of the first three counts fails to state a claim upon which relief can be granted. A promise of marriage may not support a civil action for damages where the cause of action arose or occurred after June 28, 1968. Virginia Code § 8.01-220. Although it is alleged that the defendant hired the plaintiff in early 1965, there is no suggestion that the promises relied upon occurred at a particular time thereafter.

Furthermore, the complainant's entitlement to compensation for the defendant's alleged failure to leave to her a part of his estate does not arise until his death. This finding is consistent with the general rule that "[w]here a party renders valuable service to another in consideration for such other's promise to leave him all or part of his estate, the promisee is not entitled to receive compensation until the death of the promisor." *Cochran, Executrix v. Bise,* 197 Va. 483, 488 (1955). The defendant herein is not dead.

The complainant, however, does allege, *inter alia*, that, within a year preceding the filing of the bill of complaint, the defendant made certain fraudulent statements upon which the complainant relied to her detriment and damage. Thus, when the second amended bill is considered in its entirety, the Court finds sufficient allegations of fraud to withstand demurrer.

Accordingly, the Court will sustain the demurrer to Counts I, II, and III of the Second Amended Bill. Those counts are dismissed. Such dismissal, however, is without prejudice to the complainant to proceed against the estate of the defendant at a later time should she be so advised. The demurrer is overruled as to Count IV.