## CIRCUIT COURT OF ROANOKE COUNTY

Rockydale Quarries Corp.

v.

Earl E. Bowman and
Annie Frances Bowman

April 12, 1966

By JUDGE F. L. HOBACK

On July 1, 1965, a pleading labeled "Bill of Complaint" was filed by Rockydale Quarries Corporation making parties defendant Earl E. Bowman and Annie Frances Bowman, husband and wife. The purpose of the pleading was to acquire judgment in the amount of $4810.00, being payments made by the corporation to the Bowmans under a certain agreement dated February 28, 1957, between the Bowmans and Walter R. Neece.

The Bill recited that the corporation purchased from Walter R. Neece his rights under the agreement and paid the Bowmans $50.00 a month in accordance therewith. It was further recited that the Bowmans conveyed to the Commonwealth of Virginia property for right-of-way purposes on Interstate Route 81, and that thereafter in a proceeding brought by the Commonwealth of Virginia on behalf of the State Highway Commissioner, the agreement was declared to be null and void as violating the rule against perpetuities, and, consequently, the corporation desired a return of the monies paid the Bowmans under said agreement.

Process was duly served on the defendants July 1, 1965.

On July 8, 1965, the defendants filed a Demurrer calling attention to the fact that the so-called Bill of Complaint was docketed on the Law side as it sought a monetary judgment, and in the Demurrer, the defendants took the position that neither Walter R. Neece nor Rocky-

dale Quarries Corporation had been denied the privileges granted by the defendants in the contract, or option agreement, of February 28, 1957, and that the plaintiff corporation had not been damaged by any acts of the defendants.

Following a pre-trial conference, by Order entered February 22, 1966, the case was transferred to the Equity side of this Court. Thereafter, on February 22, 1966, a Brief was filed on behalf of the corporation, and on March 1, 1966, a supplement to said original Brief was filed. On March 19, 1966, a Memorandum was filed on behalf of the defendants, and on March 28, 1966, the complainant filed its response to the defendants' Memorandum.

The facts are set forth in the various Briefs filed herein, and also excellent discussions as to the rights of parties under void contracts, and contracts that are *malum in se*, and contracts that are *malum prohibitum.*

So far as this Court is advised no question as to the validity of the Bowman contract was raised by anyone until after the Bowmans conveyed a certain portion of their property to the Commonwealth of Virginia for highway purposes.

In a suit brought in this Court by the *Commonwealth of Virginia ex rel, the State Highway Commissioner against Rockydale Quarries Corporation and Earl E. Bowman and Annie Frances Bowman,* the matter was referred to a Commissioner, and the Commissioner in his report to the Court set forth that the contract violated the rule against perpetuities, and, therefore, was not binding on the Commonwealth of Virginia. Prior to that time, the Complainant corporation having acquired the rights of Walter R. Neece, who had entered into the contract originally with the Bowmans, paid the Bowmans $50.00 a month for the privileges set forth therein, and no question was raised by either the corporation or the Bowmans as to the validity of the contract.

The corporation contends that the Bowmans violated the contract by selling to the Commonwealth of Virginia a portion of the property for highway purposes without first offering the property to the corporation as provided in said agreement. Certainly it cannot be contended that the sale was a voluntary one as where rights-of-way are

not obtained by deed, condemnation suits follow. Until the contract was construed, however, in the above-mentioned case, these parties had not questioned the validity of the contract, and the corporation paid $50.00 each month over a period of 8 years for the rights which each of said parties concluded were acquired under the contract.

This is not a case where one party to a contract is suing the other for breach of contract. The Complainant corporation asserts, however, that it has paid to the defendants the sum of $4810.00 pursuant to a contract which has now been construed to violate the rule of perpetuities and is void and of no effect, and, consequently, the corporation has paid for rights that it did not obtain. It appears, however, that up until the time the contract was construed, neither the complainant corporation, nor the defendants ever questioned the validity of the contract, and apparently the corporation considered that it was obtaining rights each month or the payments would not have been made.

The Court is in accord with the position taken by Counsel for Earl E. Bowman and Annie Frances Bowman in the Memorandum filed herein on their behalf. In addition to what is there set forth, in the Opinion of the Court, the present situation is one where the contract is not illegal, but is void and unenforceable, and in such a case:

> Where an agreement is not illegal, but merely void or unenforceable, and one of the parties refuses to perform his promise after performance or part performance by the other, the law will create a promise to pay for the benefits received. . . .
>
> An implied contract arises from the equitable principle that one person may not enrich himself unjustly at the expense of another. The acts of parties may bring about an obligation *quasi ex contractu.* Where one person confers benefits upon another for which the latter ought to pay, the obligation rests upon this equitable principle. 4 M.J. *Contracts*, Section 99, pages 466-467. See also Section 101, page 470.
>
> See also *Hendrickson* v. *Meredith*, 161

Va. 193, 170 S.E. 602 (1933); *Cochran, Executrix* v. *Bise,* 197 Va. 483, 90 S.E.2d 178 (1955).

In the instant case, for a period of eight years the corporation, so far as the Bowmans are concerned, received all of the rights under the contract in question which the corporation desired to assert, and, having done so for this period of time, should not be permitted in a Court of Equity now to claim that no such rights were obtained as the contract was void due to violating the rule against perpetuities. Each month the corporation paid $50.00 to the Bowmans it received the privileges granted in the contract, and the agreement became executed as to that month. The corporation terminated the contract by stopping payments, and, of course, is not liable for any other payments, the contract having been construed as violating the rule against perpetuities, but up until this time the corporation had acquired what it had bargained for under the assignment from Neece, and certainly is estopped now to attempt to get back money paid for rights acquired under the contract for a period of eight years.

Accordingly, the Demurrer will be sustained dismissing the suit, and an appropriate Decree may be prepared accordingly.