## CIRCUIT COURT OF STAFFORD COUNTY

Richard Kent Wilson
t/a Kent's House of Kustoms

v.

Ashby Graves

February 23, 1990

Case No. (Chancery) 624-86

By JUDGE JAMES W. HALEY, JR.

This case involves determination of the proper amount of a lien authorized by § 43-33 on a 1932 Ford Roadster.[1]

### 1. *Express Contract*

Graves, the owner, and Wilson, the mechanic, agree that in 1982 they entered into an express verbal contract to do certain work on the car for $2,500.00.

Resolving conflicting evidence on the scope of the work, the Commissioner found it to include stripping, sanding, and painting the car. (Comm'r. Rpt. p. 7.) Wilson acknowledges he was required to paint but excepts to the Commissioner's finding that sandblasting in preparation of painting was included.

---

[1] Section 43-33 states in part: "Every mechanic who shall alter or repair any . . . personal property at the request of the owner . . . shall have a lien thereon for his just and reasonable charges . . . ."

Wilson acknowledges the car had to be sanded. ("I would sand and paint it for $2,500.00" . . . . (Tr. 1/27/89, p. 16.)) Though Wilson presented a bill for $4,300.00 for "sandblasting," he offered no proof of who performed the work or any documentary evidence of payment. The exception is overruled.

### 2. Performance; Breach of the Express Contract

The Commissioner found that the painting was to be in a workmanlike manner to a "show car," not a "driver car," standard, that the paint job did not meet that standard, that the express contract was therefore breached, and that Graves had been damaged as a result in the sum of $5,000.00.

Wilson excepts to the finding that the proper standard was "show car." The evidence supports the Commissioner's finding, and this exception is overruled.

Wilson excepts to the finding that he breached the express contract with respect to painting. Once the standard had been determined as "show car," however, there is no conflict in the evidence that that standard was not met. This exception is overruled.

Wilson excepts to the Commissioner's finding Graves was thereby damaged in the amount of $5,000.00. The only evidence as to the cost to paint the car to a "show car" standard was that offered by an admitted expert, Robert Stayman, and as a consequence, the Commissioner's finding has sufficient evidentiary support.

Wilson excepts to the Commissioner's conclusion that he was authorized by the terms of the Decree of Reference entered herein to consider the defendant's counterclaim on the express contract. Suffice it to say that the pleadings herein specifically include a "counterclaim" designated as such which with particularity sets forth the basis for the same, that Wilson filed a pleading designated "Answer to Counterclaim," and that the Decree of Reference directed the Commissioner to report as to "the terms of the contract," the performance of the same by the plaintiff, and "any other matters . . . the Commissioner deems to be pertinent . . . ."

The exception is overruled.

### 3. *Implied Contract*

The parties agree that substantial work was done on the roadster in addition to that encompassed by the express contract and, further, that "no price for this extra work was ever discussed, no estimate was given, and no hourly rate agreed upon or even mentioned." (Comm'r. Rpt. p. 9.)

In *Henderson v. Meredith*, the Virginia Supreme Court stated:

> It is a general rule of law that he who gains the labor . . . of another must make reasonable compensation for the same. Hence, when one furnishes labor to another under a contract which, for reasons not prejudicial to the former, is void and of no effect, he may recover the value of his services on a quantum meruit . . . . . The measure of recovery is the reasonable value of the services performed, and not the amount of benefit which actually accrued from them to him for whom they were performed. 161 Va. 193, 198, 202, 170 S.E. 602 (1933), quoted with approval in *Marine Dev. Corp. v. Rodak*, 225 Va. 137, 140, 142, 300 S.E.2d 763 (1983). *See also*, *Cochran v. Bise*, 197 Va. 483, 90 S.E.2d 178 (1955); *Humphreys Railways, Inc. v. F/V Mils S.*, 603 F. Supp. 95, 98 (E.D. Va. 1984).

This measure is substantially the same as that of "just and reasonable . . ." set forth in § 43-33.

The roadster remained in the mechanic's possession, and work was done thereon sporadically until late 1986 when the owner was presented with a bill. This four-page itemized bill, attached to the Bill of Complaint as Exhibit "A," totals $53,041.59, of which $43,065.00 constituted labor at a rate of $45.00 per hour.

There is no real conflict in the evidence as to what was done to the roadster. The conflict in the evidence revolved around how long it took to do the work and at what hourly rate. Wilson, the mechanic, had the burden

to prove that the time spent and hourly rate were reasonable.

As the Commissioner found and the evidence supports, "Mr. Wilson concedes that his bill is based not upon any time records reflecting work actually spent . . . but solely on his estimate of how much time he thinks should be taken to complete a particular job." (Comm'r. Rpt. p. 11; Tr. 1/27/89, pp. 90-97.) The Commissioner also heard evidence as to the time factor from Robert E. Stayman, who qualified as an expert.

The Commissioner found and delineated thirty-one separate areas of work (or jobs) not covered by the express contract. Of these, the *only* evidence of time required for fifteen was that of Wilson. The Commissioner, in some instances "reluctantly" (Comm'r. Rpt. p. 18), accepted Wilson's estimates as reasonable and totaled 280 hours. Of the remaining sixteen areas, the testimony of Wilson and Stayman was either in conflict or the testimony of Stayman uncontradicted. The Commissioner found that 110 hours for work in these areas was reasonable. The Commissioner had sufficient evidentiary support for each finding, and exceptions to the same are overruled.

The Commissioner next considered evidence as to a just and reasonable hourly rate for the 390 hours expended. That testimony varied from $14.00 per hour, from Wenger, the mechanics expert, to $22.50/$20.00 per hour from Stayman, to $45.00 per hour as claimed by Wilson. Suffice it to say that there was evidentiary support for the Commissioner to find any of these three rates as just and reasonable, and as a consequence his finding of $20.00 per hour is sustained, and the exceptions by both parties to the same are overruled.

With the addition of certain costs for parts which were not challenged and using the time and rate he determined as just and reasonable, the Commissioner found that, for work covered by the implied contract, $8,423.03 was due. Adding thereto the express contract price of $2,500.00, for a total of $10,923.03, and subtracting from that total the sum the owner had paid of $4,200.00, leaves a balance due, before consideration of the counterclaim, of $6,723.03. As noted above, the Court has confirmed the Commissioner's finding of $5,000.00 damages on that counterclaim, leaving a balance of $1,723.03.

In *Jarvis v. Tonkin*, 238 Va. 115, 300 S.E.2d 900, 904 (1989), the Supreme Court stated:

> We recently restated the principles governing our review of a chancellor's decree which has set aside a commissioner's report.
>
> While the report of a commissioner in chancery does not carry the weight of a jury's verdict, Code § 8.01-610, it should be sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence.
>
> This rule applies with particular force to a commissioner's findings of fact based upon evidence taken in his presence . . . . [W]here the chancellor has disapproved the commissioner's findings, this Court must review the evidence and ascertain whether, under a correct application of the law, the evidence supports the findings of the commissioner or the conclusions of the trial court. Even where the commissioner's findings of fact have been disapproved, an appellate court must give due regard to the commissioner's ability, not shared by the chancellor, to see, hear, and evaluate the witnesses at first hand.
>
> *Morris v. United Virginia Bank*, 237 Va. 331, 337-38, 377 S.E.2d 611, 614 (1989) (citations omitted) (emphasis added) (quoting *Hill v. Hill*, 227 Va. 569, 576-77, 318 S.E.2d 292, 296-97 (1984); accord *Sprott v. Sprott*, 233 Va. 238, 240, 355 S.E.2d 881, 882 (1987).
>
> Because the commissioner's report was supported by the evidence, the chancellor erred in setting it aside.

The evidence supports each of the Commissioner's findings in this case. Accordingly, judgment will be entered in favor of Richard Kent Wilson t/a Kent's House of Kustoms against Ashby Graves in the sum of $1,723.03.

## 4. *Other Matters*

A. The Commissioner's fee of $5,695.00 is approved and ordered paid as set forth hereinafter.

B. The expenditure of $1,886.23 for transcription from costs advanced by Graves is approved and reimbursement is ordered as set forth hereafter.

C. The costs of this proceeding shall be divided between the parties as 85% to be paid by Wilson and 15% to be paid by Graves.

D. Of the total cost for the Commissioner and transcription of $7,581.23, $6,444.05 is to be paid by Wilson and $1,137.18 by Graves. Since Graves has already paid $1,900.00, reimbursement to Graves is ordered in the amount of $762.82 to be composed of the balance of $73.77 in the Commissioner's trust account and $689.05 from Wilson.